UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

_____

UNITED STATES OF AMERICA                    Case No. 00-6029
                                            CR-ROETTGER
                Plaintiff,

                                            HONORABLE JUDGE SNOW
-vs-                                        Magistrate

MARK NEUROHR                                NIGHT BOX
                Defendant,                  FILED
_____/          FEB 1 1 2000

                                            CLARENCE MADDOX
                                            CLERK, USDC / SDFL / FTL

### NOTICE OF DEFENDANTS' CHOICE OF NON-LAWYER LEGAL ASSISTANT IN ASSISTING DEFENDANT DEFEND HIMSELF AND BRIEF IN SUPPORT THEREOF:

NOW COMES Defendant **MARK J. NEUROHR**, in the above captioned cause, and requests this Honorable Court to take Judicial Notice of your Defendant's choice in having a non-lawyer, Paralegal provide legal assistance to your Defendant in the within cause in all phases of your Defendant's defense in this cause and in support thereof your Defendant, presents unto this Honorable Court the following Brief in Support.

Defendant claims a Constitutional Right to his choice of "counsel," and hereby places this Honorable Court on notice of Defendant's Counsel in this cause being <u>Craig L. Klopenstine</u>. That Craig L. Klopenstine is a Paralegal whom has won

-1-

reversals of Jury Tried Criminal Convictions based upon his appeal work, See <u>State of Michigan vs. Stephen T. Nichols, Mason Co</u>. Court Case No. 93-11 202 FH, COA File No. 174392. <u>Sharon L. Pierce vs. Dennis A. Pierce</u>, Allegan Co. Case No. 96-19098-DO, as well as having an extensive background in criminal appellate and trial procedures.

Any State Court decisions, statutes, that the Plaintiff may present to this Court or upon volition of this Court in opposition of Defendant's choice of non-lawyer assistance, that are not in harmony with the prior decisions and holdings of the Federal Courts which said cites are relied upon by Defendant and contained herein, this Court must uphold the Federal Courts holdings on Defendant's claimed Right to non-lawyer assistance which has already been established by precedent Federal Court decisions. The Doctrines of State Decisis, and Ultra Vires also apply as estoppel to any opposition made by Plaintiffs Attorney and/or by the Court on its own volition.

> The body of law is made binding on all judges, State and Federal by the Supremacy Clause of the United States Constitution.
>
> This Constitution, and the laws of the United States which shall be made, under the Authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby anything in the constitution of laws of any state to U.S. CONSTITUTION, ART. VI.

The authorities of our Federal Courts already laid down regarding the issue of non-lawyer assistance by your defendant, is precisely what this Court must adhere to and follow. <u>Miranda vs. Arizone</u>, 384 U.S. 436, the Court said: Where rights secured by the Constitution are involved, there can be no rule, law making or legislation which would abrogate (abolish) them. <u>U.S. vs. Bishop</u>, 412 U.S. at 262, the Court held: If you have relied upon prior decisions of the Supreme Court you have a perfect defense for willfulness.

The Sixth Amendment of the U.S. Constitution explicitly states: In all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel for his defense.

Defendant requests this Court to take Judicial Notice of the fact that many of the men who contributed to the writing or ratifying of the Constitution were attorneys, such as John Jay, First Chief Justice of the U.S. Supreme Court, and John Marshall, a later Chief Justice. John Adams, James Wilson, John Blaire, and Oliver Ellsworth were among the many fine attorneys who assisted in approving the language used in the Constitution for the United States of America (hereinafter "U.S. Constitution").

Are we to believe that the word "counsel" was selected by

these "attorney's" with no thought whatsoever to its common-law meaning at that time?

In discussing a Defendant's right to counsel, the U.S. Supreme Court has held:... [H]is right to be heard through his own counsel is UNQUALIFIED. <u>Chandler v. Fretag</u>, 348 U.S. 3 [emphasis added].

In consulting Noah Webster's 1828 dictionary, the word "unqualified" is defined as:

> Not modified, limited, or restricted by conditions or exceptions; ... (Noah Webster's First Edition of an American Dictionary of the English language, 1828, republished in facsimile edition by Foundation for American Christian Education, San Francisco, California, second edition, 1980).

It is undeniable that the explicit use of the word "Counsel" in the Sixth Amendment was intended to mean someone other than an attorney, as well as an attorney. This view is upheld by a U.S. District Court when it recognized an accountant as Counsel, and reprimanded an IRS employee:

> Yet while he was informing the prospective defendant of his Right to Counsel, he was simultaneously requesting that the Defendant's Counsel leave the interrogation. In effect, the investigator informed Tarlowski that he might have his attorney present, but not his accountant.

Ruling in favor of Tarlowski's motion to suppress, the Court said:

> For a government official to mouth in a ritualistic way part of the warning about the right to counsel, while excluding the person relied upon as counsel is, in

-4-

effect, to reverse the meaning of the words used. <u>U.S.</u> <u>v. Tarlowski</u>, 305 F.Sup. 112 (1969)

Defendant also asks the Court to take Judicial Notice of the use of the word "Counsel" in the 17th century:

> ... and in all courts persons of all persuasions [sic] may freely appear in their own way, and according to their own manner and there plead their own causes themselves, or if unable, by their friends ... Fundamental Constitution for the Province of East Jersey (1683) [emphasis added].

To have a "friend" act as Counsel was a Common Law Right and was recognized as such in the Bill of Rights when the term "Counsel" was used instead of the term "attorney".

> The language of the Constitution cannot be interpreted safely, except by reference to common law and to British institutions as they were when the instrument was framed and adopted. The statesmen and lawyers of the convention who submitted it to the ratification of conventions of the thirteen states, were born and brought up in the atmosphere of the common law and thought and spoke in its vocabulary ... when they came to put their conclusions into the form of fundamental law in a compact, they expressed them in terms of common law, confident that they could be shortly and easily understood. <u>Ex parte</u> <u>Grossman</u>, 267 U.S. 87, 108 (1925) [emphasis added].

No limit or qualification was ever intended to be put upon the Right to "assistance of Counsel" in the Sixth Amendment and Defendant submits the word "Counsel" was used in recognition of the Common Law Right to have one's "friends" speak for a Defendant, if he so chose. Reference to the Common Law is mandatory in a proper interpretation of the U.S. Constitution, but most particularly in the Bill of Rights.

-5-

There is a preponderance of U.S. Supreme Court cases which
uphold the position of Defendant on interpretation of the U.S.
Constitution.

> ... as men whose intentions require no concealment,
> generally employ the words which most directly and aptly
> express the ideas they intend to convey: the enlightened
> patriots who framed our constitution and the people who
> adopted it must be understood to have employed the words
> in their natural sense, and to have intended what they
> have said. Gibbons v. Ogden, 22 U.S. 1 (1824).

And,

> ... In the construction of the constitution, we must look
> to the history of the times, and examine the state of
> things existing when it was framed and adopted. 12 Wheat
> 354; 6 Wheat 416; 4 Peters 431-2; to ascertain the old
> law, the mischief and the remedy. State of Rhode Island
> v. The State of Massachusetts, 37 U.S. 657 (1938).

And also, in speaking further of Constitutional provisions, we
find:

> We agree, it is not to be frittered away by doubtful
> construction, but like every clause in every
> constitution, it must have reasonable interpretation, and
> be held to express the intention of the framers. Woodson
> v. Murdock, 89 U.S. 351, 369 (1874).

And further,

> The necessities which gave birth to the Constitution, the
> controversies which precede its formation and the
> conflicts of opinion which were settled by its adoption,
> may properly be taken into view for the purposes of
> tracing to its source, any particular provision of the
> Constitution, in order thereby, to be enabled to
> correctly interpret its meaning. Pollock v. Farmers'
> Loan & Trust Co., 157 U.S. 429, 558.

> History shows conclusively that it was a Common Law Right

to be represented in court by a "friend" rather than an attorney, if one chose. Defendant claims that right herein, which the Sixth Amendment did indeed secure, and is not subject to "revision" by the American Bar Association.

> Undoubtedly what went before the adoption of the Constitution may be resorted to for the purpose of throwing light on its provisions. Marshall v. Gordon, 243 U.S. 521, 533 (1971).

Each word has a particular meaning and was deliberately chosen. The word "Counsel" was not idly set down as the law of this land, but, on the contrary, was selected with great skill and meaning.

> To disregard such a deliberate choice of words and their natural meaning, would be a departure from the first principle of Constitutional interpretation. "In expounding the Constitution of the United States," said Chief Justice Taney in Holmes v. Jennison, 14 540, 570, 571, "every word must have its due force and appropriate meaning; for it is evident from the whole instrument, that, no word was unnecessarily used, or needlessly added." The many discussions which have taken place upon the construction of the Constitution, have proved the correctness of this proposition; and shown the high talent, the caution and the foresight of the illustrious men who framed it. Every word appears to have been weighed with the utmost deliberation and its force and effect to have been fully understood. Wright v. U.S., 302 U.S. 583 (1938) [emphasis added].

Little did the Framers of our Constitution, who labored so long and hard to fashion it, realize that the day might come when it would be ridiculed by law professors, snickered at by law clerks, and consigned to the waste basket by

attorneys, the bar, and the Judiciary.

To narrowly interpret the word "Counsel" to mean only "licensed attorneys" is an infringement of Defendant's Sixth Amendment right to counsel, which even the U.S. Supreme Court has held is "unqualified. See Chandler supra.

The words of the Amendment are simple, clear, and not ambiguous, and were obviously written by our Forefathers to be understood by the People, as the following citation undeniably indicates:

> The Constitution was written to be understood by the voters; its words and phrases were used in their normal and ordinary, as distinguished from technical meaning; where the intention is clear, there is no room for construction and no excuse for interpolation or addition. Martin v. Hunter's Lessee, 1 Wheat 304; Gibbons v. Ogden, 9 Wheat 1; Brown v. Maryland, 12 Wheat 419; Craig v. Missouri, 4 Pet. 10; Tennessee v. Whitworth, 117 U.S. 139; Lake County v. Rollins, 130 U.S. 662; Hodges v. United States, 203 U.S. 1; Edwards v. Cuba R. Co., 268 U.S. 628; The Pocket Veto Case, 279 U.S. 655 (justice) Story on the Constitution, 5th ed., sec. 451; Cooley's Constitution Limitations, 2nd ed., P. 61, 70.

And further,

> It cannot be presumed that any clause in the Constitution is intended to be without effect ... Marbury v. Madison, 5 U.S. 137, 174 (1803).

In passing, it might be noted that Chief Justice John Marshall, who principally was responsible for the holding in the above cited Marbury case, and who seems to be looked upon by most attorneys and judges as the greatest of our Supreme

-8-

Court justices, is reported to have had two weeks law school preparation, at which time, half his study was philosophy. Also:

> The Constitution is a written instrument.  As such, its meaning does not alter.  That which it meant when it was adopted, it means now. <u>South Carolina v. United States</u>, 199 U.S. 437, 448 (1905).

Defendant is deeply perturbed at the erosion of his fundamental Right to Counsel by the very legal profession itself.  The restriction of the Courts to professional attorneys only is the result of attorneys who sat in our legislatures and voted upon laws which involved, for them, a conflict of interest and which were, and are, upheld by their brother attorneys, who sit on the benches of our Courts, ruling in violation of the Sovereign will of The People, which it is their sworn duty to obey.

Any State law which prohibits laymen from speaking on behalf of another, when sought for that purpose, is a violation of the Sixth Amendment.  Any implementation of such State laws also violates Defendant's rights to freedom of speech, wherein he may speak through whom he chooses; to freedom of association wherein he may associate with whom he pleases; to due process of law, wherein he is denied Counsel of his choice and therefore as a consequence, he is denied a fair trial, and he is also denied an impartial jury by being

unable to speak, as he knows he should, through Counsel of trust to the jury.

To be denied a layman to assist him with advice, and to act as a spokesman at Defendant's request, is to subject Defendant to unequal treatment under the law. As an unconvicted Citizen, Defendant has less Rights and worse treatment than inmates in state and federal prisons, who are permitted "jailhouse" lawyers -- laymen who practice law on behalf of their fellow prisoners with the approval of many Courts.

As an unconvicted Citizen, Defendant is denied the right to contract when he is forbidden the assistance of one who is willing to speak for him at his request. The denial of Defendant's right to contract, it is respectfully submitted, occurs because attorneys, who are, in this State, members of a bar association (a monopoly they have promoted through their controlled legislature) have purported to make a "law" for the protection of the "public"; whereas, they have actually instigated a self-serving franchise, in great part at the expense of the public and, in Defendant's view, to the detriment of Constitutional government.

Again, Defendant is denied a "fair trial" and an impartial jury when a so-called "law" prohibits him from

contracting with someone of his choosing for Defendant's legal defense against a hostile government, bent on punishing Defendant for the exercise of the very fundamental Rights which the government should be upholding rather than attacking.

The aforementioned rights are infringed, abridged, and denied when the word "Counsel" is qualified to mean only attorneys may speak for the defense in a Court of Law. This was not the case in <u>Tarlowski</u> where the "Counsel" referred to by the Court was an accountant.

It appears to Defendant that a careful consideration of the words of the Sixth Amendment, securing his fundamental Right to Counsel of CHOICE must be undertaken here. Since no words were idly selected by the Forefathers, let us emphasize them here and now so that there can be no misunderstanding as to their meaning, for Defendant believes his stand in this matter is constitutionally correct. The vital words here are:

> In all criminal prosecutions, the accused SHALL ENJOY THE RIGHT ... to have the ASSISTANCE OF COUNSEL for his defense.

Defendant requests the Court's indulgence and patience for a brief analysis of the words capitalized above because, where his Life, Liberty, or Property are involved, it is not a matter which he takes lightly.

For the source of the common meaning of common words in use when the U.S. Constitution was written, we refer to Noah Webster's First Edition of an American Dictionary of the English Language, 1828, republished in facsimile edition by the Foundation for American Christian Education, San Francisco, California, Second Edition, 1980.

> ALL: a. Every one ... the whole quantity, extent, duration, amount, quality, or degree; ... This word signifies the whole or entire thing ....

It is obvious on its face that the word "all" allows for no exceptions and is all-inclusive, and it is also obvious that the Sixth Amendment, therefore, allows for no criminal trial where it does not apply.

> SHALL: v.i. In the present tense, shall ... forms the future tense; ... informs another that a fact is to take place ... In the second or third persons, shall implies a promise, command or determination. "You shall receive..."

The word "shall", in legal contemplation, is mandatory; it is a word "of command ... must be given a compulsory meaning". It is clearly so stated on page 1233 of Black's Law Dictionary, Fifth Edition, 1979.

> ENJOY: v.t. ... To feel or perceive with pleasure; to take pleasure or satisfaction in the possession or experience of ... We enjoy a free constitution and inestimable privileges.

Defendant has informed the Court that he has little confidence in the legal profession of Haldeman, Erlichman,

Mitchell, Dean, Nixon and Agnew, and not to mention many others. He is defending himself out of necessity, not out of desire. Defendant is aware of a few attorneys whom he trusts, but their multi-thousand dollar fees are out of the question for this Defendant. He does not trust just any attorney out of a grab-bag whom the government is willing to furnish; neither would this Defendant be satisfied with such an "attorney's" concept of the U.S. Constitution. The average attorney, full of law-school brainwashing, thinks that the U.S. Constitution is what the judges sat it is, rather than what the Constitution itself says it is.

If Defendant cannot "enjoy" the "assistance of Counsel" from the Bar (i.e. the legal establishment), then he has the undeniable right of Counsel which he can enjoy. To deny this Right is to deny his Rights under the Sixth Amendment to Counsel. It is the use of the word "ENJOY" as well as "COUNSEL", which gives a Defendant the Right to Counsel of his choice, licensed or unlicensed, as was provided for by the Founding Fathers, and of which the Ninth Amendment clearly prohibits any denial or disparagement:

> The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

> What honest attorney or judge can fail to see that in the

denial of Counsel of choice to a Defendant in court, that he is not "denying" or "disparaging" both enumerated and non-enumerated rights?

And what honest attorney or judge can fail to see that in enforcing a so-called statute denying a layman the opportunity to speak in defense of a friend at the friend's request, that said lawyer or judge is rendering infidelity to his oath of office to support the Constitution which states, in Article VI, Clause 2?

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding. [emphasis added]

Attorneys are called "officers of the court," and they are required to take oaths to support the U.S. Constitution. When the attorneys attempt to prevent the exercise of the Rights of defendants in court to speak through lay friends of confidence, the attorneys are involved in denying that which they swear to uphold -- to their eternal discredit and dishonor.

The fact that the attorneys have been successful for a long time, and that colleagues in judicial robes have upheld them, does not make it right; it does not make it constitutional; and it certainly does not enhance the Rights

-14-

of the grass-roots American people who are tired of being subjected to the exorbitant legal fees of a closed-shop union which says, "If you exercise your fundamental Rights, we will see to it that you go to jail", and now, "You have to go our route because the loss of your fundamental Rights is a settled matter."

How could any decent person uphold such a system? How can the legal and the judicial profession escape tarnished "images?" Is the denial of fundamental Rights to the Defendant "frivolous?" Is it not better to restore fundamental Rights than to have a restless People rise up? Must we have "government of attorneys, by attorneys, and for attorneys?" Especially, after Watergate, the People are not going to stand for it.

It is important to note that the Sixth Amendment word "enjoy" follows the word "shall", and it would therefore be a command of the sovereign power that the ability to enjoy the right to Counsel is mandatory. The words "shall ... enjoy" make this very clear.

The judgment as to what Counsel the Defendant can "enjoy" is left entirely in his hands, and nowhere in the Sixth Amendment is this prerogative given to the Courts; it remains the fundamental "Right" of the Defendant.

RIGHT:  n. Conformity to the will of God, or to His law, the perfect standard of truth and justice ... Just claim; immunity; privilege.  All men have the right to the secure enjoyment of life, personal safety, liberty, and property.  We deem the right of trial by jury invaluable, particularly in the case of crimes.

The "right" to "enjoy" Counsel is claimed by Defendant by law, nature, and tradition, and may not be infringed or disparaged by any private association, its members, or by its sympathizers employed in government.  It is a right which the People retained for themselves and it is to be protected by their Judiciary.  It is not a function of the People's Courts to protect the vested interests of any private monopoly as against the rights of The Sovereign People.  Non-attorneys have as much right to speak for a Defendant in our Courts as attorneys.  Otherwise, the Courts are run only for "special interests" and are, in fact, protecting a monopoly, in violation of the Sherman Anti-Trust Act.  Such a monopoly acts to restrain interstate commerce and to restrain competition and trade; without such monopoly practices, the cost of justice to the People would be substantially lower. Attorneys could still ply their trade, but they would have to be competent and deserve more fully the business which they would acquire from those who voluntarily trusted them.

ASSISTANCE:  on. Help; aid; furtherance; succor; a contribution of support in bodily strength or other means.

The common understanding of the word "assistance" is that it comes from one who acts in a secondary capacity. For example, assistance is given to a President by a Vice President who "assists" him. We find a definition of "assistant" which follows the word "assistance." The above mentioned dictionary defines an assistant as one who serves in a subordinate position, as a helper. The common practice today of the Defendant "assisting" the defense attorney is one to which Defendant objects. It is an erosion of the original right which this motion is aimed at re-establishing. Defendant may also promote assistant Counsel to co-Counsel wherein they share in the defense and maintain that such a decision is theirs, not the Court's. It is theirs by Common Law and may not be denied or infringed by either the Courts or the Bar Association. It is also their fundamental Right.

> COUNSEL: n. Advice; opinion or instruction ... Those who give counsel in law; any counselor or advocate, or any number of counselors, barristers, or sergeants; as the plaintiff's counsel, or the defendant's counsel.

> COUNSELOR: Gan. Any person who gives advice; ... One who is consulted by a client in a law case; one who gives advice in relation to a question of law; one whose profession is to give advice in law and manage causes for clients.

If the men who framed the Bill of Rights meant by "COUNSEL" a licensed attorney, they would have said "licensed attorney". Surely, the Court cannot refuse to recognize this.

-17-

In the interest of fairness, let the Court grant the Defendant's motion.

Neither the President of the United States nor the Governors who head the executive branches of government are required to be attorneys in order to administer and enforce the laws. Federal judges are not required by the U.S. Constitution, or by valid statute, to be attorneys. Congressmen, Senators, and other Legislators who pass legislation, statutes, and "laws" do not have to be "attorneys". Magistrates do not have to be "attorneys". Does it not seem strange that a Defendant cannot represent himself in Court without being an "attorney?" Are we playing games with the meaning of "represent"?

Why then, the Defendant asks, must the Defendant's representative in Court be a licensed attorney? Why must the Defendant's representative have a title which the lawmaker, the enforcer, the federal law adjudicator, and the Defendant himself do not need? Speak, Oh Learned Ones! And please speak without attempting to turn white into "black," and black into "white," as the graduates of law schools seem so gifted at doing. And please speak without being in contempt of the Constitution for the United States, as lawfully amended.

-18-

I

## THE WILL OF THE SOVEREIGN POWER

The U.S. Constitution is the will of The People, clearly set down for their agents, elected and appointed, to follow. No law supersedes the U.S. Constitution and only those in "pursuance" of it may stand. Even treaties must be made "in Pursuance" of the U.S. Constitution.

> We the People ... do ordain and establish this Constitution for the United States of America. Preamble to the U.S. Constitution (1789).

In establishing this government, the People said that:

> This Constitution, and the Laws ... made in Pursuance thereof ... shall be the supreme Law of the Land .... Article VI, C1. 2, U.S. Constitution.

And they also commanded that:

> ... [A]ll ... judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; .... Article VI, Clause 3, U.S. Constitution.

It is clearly the will of the bar associations, not of the People, to close the Courts to all but licensed attorneys. Use of the word "Counsel" rather than "attorneys" denotes the will of the Sovereign Power, which cannot be lawfully overridden.

> In the United States, Sovereignty resides in the people, who act through the organs established by the Constitution. <u>Chisholm v. Georgia</u>, 2 Dall. 419, 471; <u>Penhallow v. Doane's Administrators</u>, 3 Dall. 54, 93; <u>McCullock v. Maryland</u>, 4 Wheat 316, 404, 405; <u>Yick Wo v.</u>

Hopkins, 118 U.S. 356, 370; ... Congress cannot invoke the sovereign power of the people to override their will as thus declared. Perry v. United States, 294 U.S. 330, 353 (1935).

In the Sixth Amendment, the People declared their will as to the rights of the Accused in all criminal prosecutions and the right of the Defendant to "enjoy" the "assistance of Counsel" was purposely couched in the Common Law term, "Counsel," so as to include those friends upon whom Defendants may depend for advice and protection.

In a speech by Judge Learned Hand at the Mayflower Hotel in Washington, D.C., on May 11, 1929, entitled, "Is There a Common Will?" in speaking of judges, he said:

> He is not to substitute even his juster will for theirs; otherwise it would not be the "common will" which prevails, and to that extent, the people would not govern.

Defendant has the right to be foolish as well as wise, and his liberty is his to do with as he pleases. To deny him his freedom of choice in this matter of Counsel is unduly to interfere with the defense, and constitutes a denial of the will of The People, from whom the Court's authority is derived, and a substitution in lieu thereof is being used -- that of the "will of attorneys."

> Bills of rights are, in their origin, reservations of rights not surrendered to the prince. Hamilton, Federalist Papers, No. 84.

The right to have a "friend" plead one's case, or to assist one in Court, is a Common Law right secured by the Sixth Amendment.

> History is clear that the first ten amendments to the Constitution were adopted to secure certain common law rights of the people against invasion by the federal government. <u>Bell v. Hood</u>, 71 F.Supp., 813, 816 (1947) U.S.D.C., So. Dist. Calif.

Our Founding Fathers spoke and wrote in the vernacular of the Common Law, and "Counsel" was the word they chose. The facts are conclusive on this point, and the record supports this contention. Interpretation of the word "Counsel" to mean "attorney only" is a departure from the safeguards of the Bill of Rights.

> The Bill of Rights was provided as a barrier, to protect the individual against arbitrary exactions of ... legislatures, (and) courts ... it is the primary distinction between democratic and totalitarian way. Re Stoller, Supreme Court of Florida, en banc, 36 So.2d 443, 445 (1948).

A more recent confirmation of fundamental Rights of the Accused says:

> Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them. <u>Miranda v. Arizona</u>, 384 U.S. 436, 491 (1968).

Even though the Miranda decision referred to the Fifth Amendment right in toto, the above stated principle is of general application, wherein the word "rights" is not

qualified.

## II

### DEFENDANT'S RIGHT
### TO FREEDOM OF ASSOCIATION

In _Tarlowski supra_, the Court said, in suppressing

evidence at the request of Tarlowski's motion:

> When a federal official's interference with the right of
> free association takes the form of limiting the ability
> of a criminal suspect to consult with and be accompanied
> by a person upon whom he relies for advice and
> protection, he gravely transgresses. For these reasons,
> the Motion to Suppress must be granted.

It was in this case that Tarlowski was denied the Counsel of

an accountant, not of a lawyer.

Defendant has a right under the First Amendment freely to

associate with whom he pleases in his defense and in its

preparation and presentation, so long as such is respectful,

with decorum, and without contempt for orderly rules of

procedure which do not deprive one of Rights guaranteed by the

U.S. Constitution. To deny this Right is also to deny his

Fifth Amendment Right to Due Process of Law, which is actually

a guarantee of fundamental fairness.

## III

### DEFENDANT'S RIGHT TO PETITION
### FOR REDRESS OF GRIEVANCES

The First Amendment states, in pertinent part:

Congress shall make no law ... abridging ... the right of

the people ... to petition the Government for a redress of grievances.

Defendant asks, "How can I maintain my maximum Right to petition for redress of grievances, if that person whom I choose to speak for me is not permitted to do so?"

If Congress passes a statute requiring a federal court to abide a statute of the State in which it sits, and said statute of a state purports to make it a crime for a Defendant to be represented by a non-attorney, then Congress has effectively done not only what the U.S. Constitution does not authorize it to do, but it has done what it also expressly forbidden.

If such is the case, then Congress has made a "law" which frustrates the Right of The People, and the Defendant, "to petition the Government for a redress of grievances."

Of what use is the Right to Petition for Redress of Grievances if the Defendant is personally handicapped by government?  This handicap arises because the Defendant needs assistance in his petitioning, and yet he is limited by a bar association, or a state, or a court which says that a competent "friend" cannot be permitted to speak for the Petitioner because said "friend" has not been brainwashed in certain "approved" law schools.  It is in such law schools that the deprivation of the fundamental Rights, although set

-23-

forth in plain and unambiguous language in the U.S. Constitution itself, is not "settled doctrine."

The "licensed attorneys" and "attorney-judges" say that "The Constitution is what the Supreme Court says it is." What if the Congress passes a law saying that any bureaucrat can rape any layman's wife and the Supreme Court says, "Yes, that's perfectly in harmony with the Constitution?"

Then, are we The People to stand for it? Who gave them said authority? Now, what should The People do who have such a Congress and such a Supreme Court? Are the lower court judges brave enough to challenge it, or are they "bound" to follow the higher Court judges?

And where is the member of the bar, the licensed attorney, who now steps forward and announces that the Supreme Court is mistaken? Where does his license go to? Now, who is going to permit him to appear in Court if he doesn't buckle down and stop rocking the establishment?

Obviously, an extreme example has been used; but it is significant. Laymen would not have to stand for such nonsense. Licensed attorneys ... who knows?

That laymen should be subjected to a "drifting" and "unstable" Constitution -- which happens to be what some justices "think it is" at the moment -- can be very

frustrating, and that a jury cannot hear a "Counsel" who is not beholden to such a damnable floating doctrine, are indeed a denial of "the Right to Petition (effectively) for Redress of Grievances." To preserve justice, to preserve the semblance of a fair trial and an impartial jury, let the Defendant petition for Redress of Grievances to the jury through "Counsel of his choice," who is not beholden to a corrupt and degenerate system which has perverted the very Law by which it pretends to rule and which it pretends to protect and uphold.

Defendant believes that true religion guarantees freedom of choice, or freedom to choose, to elect, and to select, taking responsibility for the consequences of said choices.

Defendant further believes that he has the right to help others and, in turn, to be helped by those willing voluntarily to answer his call for assistance. In this case, he particularly Points and Authorities on Assistance of Counsel: Page 18 of 32 means in the Courtroom where a hostile government is violating its own laws and trampling upon the rights of the Sovereign People, which its officers are sworn to protect.

When all the mighty forces of an all powerful government is arrayed against a lone individual who has the courage to

point out the government's inequities, said individual should be entitled, most of all, to the protection of his religious convictions and rights.

Under the First Amendment, the right of conscience and the right to believe, as long as the same does not trample upon the rights of others, is the number one right protected by government. In pertinent part, the First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; ...

Defendant's religious conviction, again, calls for freedom from oppression and freedom from soul-stifling special interest legislation slapped on a freedom-loving individual on behalf of self-serving perpetrators of special advantages to the legal profession, at the expense of the long-suffering victims of the same. Let the legal profession compete like men with the Counsel Defendant chooses for his defense, and for the proper exercise of his religious Rights, chief among which is the freedom of any choice which does not trample upon the rights of others.

## IV

### DEFENDANT'S RIGHT TO EQUAL PROTECTION

Defendant's right to equal protection of the laws is guaranteed through the due process clause of the Fifth

Amendment:

> The due process clause of the Fifth Amendment guarantees to each citizen the equal protection of the laws and prohibits a denial thereof by any Federal official. <u>Bolling v. Sharpe</u>, 327 U.s. 497.

Defendant asks the Court to take Judicial Notice of an article from Newsweek, September 2, 1974, which tells how a layman, James Yager, handled the legal problems of 3,500 clients (see paragraph 1). The same paragraph also speaks of "His most recent court appearance," which took place in Atlanta. It describes how "Yager paced the courtroom floor," as he addressed the jury. Mr. Yager is engaging in the practice of law, which is his Right as a Layman, or laymen, to assist him in his defense, if they so desire. To deny this motion is to give prisoners more Rights than to a Free and Natural Person. Such inequity before the law is intolerable.

Said article mentions various others who have adopted law as an avocation and goes on to mention a Mr. Green, another former inmate now on parole, and says that: "Green is a familiar face in the Boston courtrooms, where he maintains his legal activities by submitting amicus briefs for other felons." It would be interesting to know if Mr. Green and Yeager, like Mr. Jefferson and James X, are also black men, and if therefore, fundamental Rights are only available to black men.

In both <u>United Mine Workers v. Illinois Bar Association</u>, 389 U.S. 217, and <u>NAACP v. Button</u>, 371 U.s. 415, and also in <u>Brotherhood of Railhood Trainmen v. Virginia State Bar</u>, 377 U.S. 1 (1965), it was held that a State may not pass statutes prohibiting the unauthorized practice of law or to interfere with the Right to freedom of speech, secured by the First Amendment.

Defendant is entitled to equal protection of the laws and that includes his right to speak through whom he pleases, when he pleases. The only reasonable condition is that the decorum of the Court and the rules not in conflict with individual Rights be maintained; otherwise there can be no valid denial of this inalienable and legal Right. Defendant is agreeable to this, and has every intention of obeying the proper rules and maintaining the decorum of the Court. To do otherwise is unthinkable.

Defendant herein also believes that it is vital to his defense to seek whatever assistance he can trust, and that if he decides to be assisted by either licensed or unlicensed Counsel, he has every Right to do so. If the Defendant believes that a combination of both may be to his advantage, to deny him this Right would constitute an unreasonable and arbitrary interference with his defense, by denying him his

-28-

fundamental Rights freely to associate with whom he chooses; to freedom of speech; to freedom to Petition for Redress of Grievances; and his religious Right of conscience and freedom of choice, without which religion is worth but little.

Defendant also asks the Court to take Judicial Notice that other Defendants in criminal cases are allowed to plan their defenses without interference by the Courts, and Defendant herein claims that same Right.

Surely, we cannot have special laws for attorneys and special grants of privilege to them as a class when these very same privileges are denied all other citizens. The Constitutional prohibitions against Titles of Nobility in Article I, Section 9, clause 7, and in the original Thirteenth Amendment, are violated when "attorney" becomes a Title of special privileges, i.e. "Nobility." We must all have equal access to the Courts. Presently, only those attorneys have access to the Courts whom the Courts approve and, as a result, all approved attorneys are considered Officers of the Court.

Where does the Defendant go when he does not wish to be defended by an Officer of the Court? To use the power of the Court to force the defense to retain an Officer of the Court at the defense table offends the sensibilities of the Defendant to the very core. Defendant may wish voluntarily to

-29-

select an attorney among his Counsels, but this Defendant believes that he should not be forced to do so. Defendant is simply seeking freedom of choice in the matter of whether he has no Counsel and represents himself, or uses licensed legal Counsel (attorney), mixed Counsel (attorneys and laymen) or lay Counsel only.

The "stealthy encroachment" upon Defendant's Right to a Counsel who is not licensed by the Bar is the result of a monopoly of the legal establishment, both in and out of government, State and Federal, to "protect" their "price fixing" to maintain artificially high legal fees; to educate the chosen few in law schools maintained largely at public expense; to protect attorneys from competition from those who know that attorneys have obstructed the U.S. Constitution and left the People at the mercy of a swarm of bureaucrats with endless attorney-promoted regulations and laws which make "crimes" out of the exercise of natural and Constitutionally protected Rights, wherein the attorney-controlled government can prosecute the Sovereign Citizen and force him into the waiting, outstretched arms of his attorney "brotherhood" who will "advise" and "defend" him for a considerable fee.

Little wonder that People are fed up with the profession when it is full of licensed "Haldemans, Erlichman, Mitchells,

and Deans." Little wonder many People almost vomit when contemplating what attorneys have done to this once mighty, powerful, and independent Republic.

Legal fees come too high for many average Citizens. Yet, the same average Citizen cannot turn to laymen who may be well versed in the necessary legal area, and this restricts the Courts to attorneys and those who can afford them. Laymen who cannot afford attorneys must suffer along as best they can. It is as unjust a system of justice as one could conjure up. Of course, some persons may qualify for a Public Defender. That is like being alone in a pit of cobras, and someone comes along and wants to throw in another cobra. Under those circumstances, what is needed is a mongoose (read "Counsel of Choice"), not another cobra. Perhaps the STAR CHAMBERS weren't so bad after all.

V

### DEFENDANT'S RIGHTS TO FREEDOM OF SPEECH

Defendant has not only the Right to speak for himself, but also to speak through whom he pleases. This is inherent in the First Amendment Right to freedom of speech. IT is also self-evident as a part of the Natural Rights Doctrine. Those Rights which are called inherent and inalienable are outlined in the Declaration of Independence, which antedates all

-31-

government.   They are natural or God-given, rather than government-given, rights.  Defendant points out that he does not claim any "attorney-given" rights, but demands that his God-given, Natural Rights not be infringed upon.

This fundamental Right of freedom of speech which has been refereed to previously, but Defendant wishes to set it out separately to emphasize it to the Court, nd herein refers again to United Mine Workers v. Illinois Bar Association supra, <u>NAACJ v. Button supra</u>, and the Brotherhood of Railroad <u>Traimen v. Virginia State Bar</u> supra, in support of said Right.

It is indicative that the words in the First Amendment embrace freedom "of" speech, and not just freedom "to" speak, and while Defendant does not wish to prolong this Brief by a detailed discussion of the difference between the two terms, he simply wishes to bring to the Court's attention that there is a difference, and that its application is obvious.

<strong>VI</strong>

<strong>DENIAL OF FREEDOM OF COUNSEL RESULTS<br>IN A CONFLICT OF INTEREST</strong>

Defendant's request for the Court to recognize his Right to non-attorney Counsel in lieu of, or in addition to, attorney Counsel, would mean that the Court would have to rule during trial on a motion regarding Defendant's Right to non-attorney assistance, including that of assistant spokesman.

-32-

If presiding Judge of this Honorable Court has, in the past, ever been a member of any Bar Association or is, at present, a member of a Bar Association, or has close friends or associates connected with a Bar Association, then Defendant finds it difficult to see how the Court could possible render an unprejudiced and impartial ruling on Defendant's motion regarding his Right to non-attorney Counsel.

It appears to Defendant that the Court would find itself at variance with his own standards, mainly the Cannons of Judicial Ethics, No. 29, which states:

> A judge should abstain from performing or taking part in any judicial act in which his personal interests are involved. If he has a personal litigation in the court of which he is judge, he need not resign his judgeship on that account, but he should, of course, refrain from any judicial act in such controversy.

It is apparent to the Defendant that the denial of Defendant's motion herein would call for the thinking, on the part of most reasonable persons, that the denial was based, at least in part, on a conflict of interest and upon a "hardship of the case," meaning upon the unfortunate Bar Associations.

Granting the motion, however, could not be interpreted as being a conflict of interest, but rather, granting the motion would occur despite personal interest and in favor of fairness, or due process, and the justice to which the Sovereign Citizen of this Republic is entitled under the Sixth

Amendment.

## VII

### FEDERAL COURT'S ENFORCEMENT
### OF PRACTICE-OF-LAW STATE STATUTE
### ABRIDGES FIRST, NINTH, AND TENTH AMENDMENTS

The Tenth Amendment of the U.S. Constitution states:

> The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

The power to abrogate the Rights mentioned herein has not been delegated to the United States nor to any State through the U.S. Constitution.  Such a power is an undelegated colorable "office."

Nothing in the U.S. Constitution of this Union state authorizes a delegation of power to the state to thwart and frustrate the foregoing Rights, i.e., freedom of speech, of religion, of assembly, of petitioning for redress of grievances, of due process, of the Right to Contract, and of equal treatment under the law.

Therefore, assuming the foregoing is true, then the "power" remains with the People, who are the Sovereigns in this country as heretofore pointed out.  Therefore, the Defendant retains the power for his choice of a spokesman in Court, "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  See Article VI, Clause 2.

Regardless of this state's statutes or any arbitrary rule making, it cannot invalidate the Defendant's fundamental Rights protected by the U.S. Constitution. Said pretended right to "regulate" the "practice of law" must fall, or recede, when placed alongside the Defendant's fundamental Right to a fair trial by an impartial jury, with due process, freedom of speech, and freedom of contract, as heretofore demonstrated.

It is impossible to delegate to another that which the delegator does not himself possess. Defendant does not have the right to compel the inadequate representation of another and, therefore, this Defendant is powerless to delegate such a tyrannical power to a legislature, whether or not controlled by attorneys or any Bar Association.

To summarize the foregoing, the Tenth Amendment prohibits this State and its Courts from restricting Defendant's fundamental Right to a non-attorney spokesman in court. Such power is not given to the State by either the U.S. or by the State Constitutions. Therefore, in civil cases, the Legislature has usurped, at the prodding of attorneys, the so-called Right to institute a state prohibiting a Defendant, in a prosecution against him by his government, from relying upon a preferred spokesman of trust and confidence. In criminal

-35-

cases, there is a no valid reason, statute, or Court ruling that can alter the fundamental Right to Counsel, and the Courts, in denying said spokesman, are arbitrarily usurping Defendant's Right.

The Ninth Amendment reserves all non-enumerated Rights. They are not to be denied or disparaged, though not enumerated. The mention and enumeration of the Right to Counsel under the Supreme authority of the Sixth Amendment cannot be construed to deny or disparage the Right to that Counsel being a non-attorney, or a non-member of any Bar Association licensed to only plea bargain or lose.

It would appear that any decent person would have no difficulty agreeing with the above, and that any other ruling would indeed be "frivolous" and without constitutional authority.

Again, imposing restrictions on Defendant's Counsel violates and circumvents Defendant's Fifth Amendment Rights. In addition, it imposes cruel and unusual punishment upon the Defendant by forcing him to seek legal assistance, when and if he needs it, from those whom he either does not trust or cannot afford.

## VIII

### DENIAL OF NON-ATTORNEY COUNSEL VIOLATES CIVIL RIGHTS

-36-

Denial of Defendant's desire for a non-attorney of his choice is also a deprivation of his Civil Rights under color of law, in violation of Defendant's fundamental Rights as protected by 42 U.S.C. 1983, 1985, and 1986. See <u>Owens v. The City of Independence</u>.

CONCLUSION

Any denial of Counsel is an attempt to accomplish that which is specifically prohibited by the Sixth Amendment. The Right recognized therein says nothing about only "court-approved counsel," and that fundamental Right is in no way qualified or limited.

The U.S. Supreme Court held in Miller v. Milwaukee, 272 U.S. 713, 715, that if a statute is part of an unlawful scheme to reach a prohibited results, then "... the statute must fail...." This was again upheld in <u>McCallen v. Massachusetts</u>, 279 U.S. 620, 630. Legislators, whether Federal or State, may not restrict the Courts only to attorneys in order to deny effective assistance of Counsel to any Defendant who evinces a desire to be represented or assisted by a "friend," in preference to a licensed "attorney." **What cannot** be done by the front door cannot be lawfully done by way of the back door.

Legislators who pass laws do not have to be attorneys,

-37-

nor do those who execute the law, i.e., Sheriffs, Governors, Presidents, etc. Even the Justices of the U.S. Supreme Court need not be licensed attorneys. To exclude the People from defending their "friends" in the Courts turns said Courts into a playground for the legal establishment, and is a blatant violation of the Defendant's fundamental Right to Counsel of choice, due process of law, and equal protection under the law. Justice Brandeis said:

> Discrimination is the act of treating differently two persons or things under like circumstances. <u>National Life Insurance Co. v. United States</u>, 277 U.S. 508, 630.

As far back as 1886, the U.S. Supreme Court was concerned with the unjust and illegal discriminations which were running rampant. The Court frowned upon law administered with an "unequal hand":

> ...[S]o as practically to make unjust and illegal discrimination between persons in similar circumstances material to their rights, the denial of equal justice is still within the prohibition of the Constitution. <u>Yick Wo V. Hopkins</u> supra.

Therefore the Courts cannot be the exclusive territory of a legal "elite corps," but must be open to all the Sovereign People alike -- on an equal basis, providing due process of law and equal protection under that law.

The Ninth and Tenth Amendments also prohibit the denial

of Counsel of choice. Nowhere has Defendant or his predecessors delegated such restrictive powers to the United States or to any of the Union states, and if the Court will closely examine the Ninth and Tenth Amendments, it will find that the Right to Counsel of choice, such as Defendant herein claims, is also secured in the penumbra of these Amendments, particularly the Ninth Amendment, which is protected in the states. Roe v. Wade, 41 L.W. 4213 (1973); Shapiro v. U.S., 641, 394 U.S. 619 (1966); Griswold v. Connecticut, 381 U.S. 479 (1964).

Speaking of controlling constitutional law, as opposed to mere statute law, Chief Justice Marshall said:

> Those then, who controvert this principle, that the Constitution is to be considered in court as a paramount law, are reduced to the necessity of maintaining that courts must close their eyes on the Constitution and see only the law.

And the Court concluded that:

> This doctrine would subvert the very foundation of all written constitutions. Marbury v. Madison, 5 U.S. 137, 176.

The United States Supreme Court also pointed out in this decision that, in declaring what should be the supreme Law of the Land, the U.S. Constitution itself was first mentioned and "...not the laws of the United States generally...."

The attorneys who sit in our State Legislatures and in

our Congress have no right to pass laws which infringe upon, or abolish our fundamental Rights under the U.S. Constitution for the United States of America, as lawfully amended, and such unconstitutional laws which purport to do so must be declared null and void and not binding upon the Courts.  See Miranda vs. Arizona, Supra, at 491.

Defendant nor his non-lawyer assistant "need not" pass a 'mini' bar examination in order to represent himself or another.  See People vs. Joseph, (1983) 34 Cal.3d 936, 943, 196 Cal Rptr. 339, 671 P.2d 843 (1983).

In other words, the intention of the founding fathers, as expressed in both 1 Stat. 73, 92 and the Sixth Amendment (that an accused may plead his own cause personally or by the assistance of counsel) is still substantially the same today as it was in 1789; and an assistant, however expert, is still an assistant.  Faretta vs. California, 422 U.S. 95 S. Ct., Supra at 820.

A person whom represents himself or another in non-lawyer capacity, is "entitled to as much latitude in conducting his defence as is held to be enjoyed by counsel vigorously espousing a client's cause," in re Little, 404 U.S. 553, 555 (1972).

Dated: <u>February 13,</u>        , 2000          Respectfully submitted,

_____
Defendant/
**MARK J. NEUROHR/ Pro Se'**
1850 NE.26th Ave.
Ft. Lauderdale, Fla. 33305
954-566-8866

cc: U.S. Attorney for Plaintiff

-41-