IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

UNITED STATES OF AMERICA,
     Plaintiff,

vs.

Case No. 00-6029
CR-Zloch
Magistrate-Snow

MARK J, NEUROHR,
     Defendant.

_____/

## MOTION TO DISMISS FATALLY DEFECTIVE INDICTMENT

COMES NOW the Accused Mark J. Neurohr, by and through his undersigned attorney, pursuant to FRCrP 12(b)(2), and respectfully moves this Court for an order to dismiss the indictment for failing to allege all of the essential elements that constitute the crime charged and for alleging facts that do not constitute the crime charged.

In support of this motion, the Accused incorporates a memorandum of law below and states the following:

### FACTUAL BACKGROUND

    1.    On February 1, 2000, the Accused was indicted on three counts of violating Title 26 Section 7201 for allegedly evading and defeating income taxes owed to the United States for the years 1993, 1994, and 1995 respectively.



2.    Except for different years, each count alleged the same following set of facts:

    i.    that the Accused had received "taxable income[1]";

    ii.   that there was a tax due and owing;

    iii.  that the Accused knowingly and willfully attempted to evade and defeat income taxes due;

    iv.   that the Accused filed false W-4 Forms through his employer;

    v.    that the Accused filed false income tax returns;

    vi.   that the Accused failed to pay the income tax due thereon (i.e. tax returns); and

    vii.  that the Accused concealed or attempted to conceal his true and correct income from officers of the United States.

3.    The indictment alleged these eight specific facts in support of the charge that the Accused violated Title 26 Section 7201 which reads entirely as follows:

**Sec. 7201. Attempt to evade or defeat tax**

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

4.    According to Derivation Table II in the appendix to the IR Code (1954), Sec. 7201 was derived from ten different sections of the IR Code of 1939. See Exhibit 1.

5.    Of these ten sections from the IR Code of 1939, the only section that pertains to income taxes is Sec. 145 while all of the other sections dealt with excise or other non-income kind taxes.

6.    The facts alleged in the indictment were at least sufficient to inform the Accused that the Government charged him with violations of the income tax provisions of the internal revenue laws which are confined to subtitle A of the IR Code (1954, as amended).

---

[1] conclusion of law

---

Motion to Dismiss Indictment      2      Mark J. Neurohr, Accused

7.    Sec. 7201 is actually just the penalty provision that was taken from a section of the 1939 IR Code during the process of re-codification from 1939 to 1954.

8.    When Sec 7201 is examined apart from the internal revenue law from which is was extracted, it is impossible to determine the particular tax a person must attempt to evade or defeat to warrant the criminal sanction prescribed.

9.    However, Derivation Table I in the appendix to the IR Code (1954, as amended) clearly shows that Sec 7201 was specifically derived from Sec 145 of the 1939 IR Code and **not** from any of the other sections listed in Derivation Table II. See Exhibit 3.

10.    Although Sec 145 is comprised of two subparts, it is only subpart (b) that contains, almost verbatim, the language found in Sec. 7201 and the pivotal words "to evade or defeat."

11.    Sec. 145(b) reads entirely as follows:

**FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO DEFEAT OR EVADE TAX**

(b) **Any person required** under this chapter[2] **to collect, account for, and pay over any tax** imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter[2] or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution. (emphasis added).

12.    Sec. 145 itself was derived from Sec. 145 of Chapter 289, 52 Stat. 513 (1938) and reflects the exact language of the statute. See Exhibit 11.

13.    When read in the context of the law from which it was derived, Sec. 7201 clearly shows that the internal revenue law intended to punish a particular and limited class of taxpayer, not just any ordinary taxpayer the Government decides to prosecute.

---

[2] codifiers changes from chapter to title in the Code

---

14.    Specifically, Sec. 145 identifies those persons subject to the criminal sanctions of 145(b) and Sec. 7201 of the IR Code with the following statutory language:

> "any person <u>required</u>...to collect, account for, and pay over any tax and...who willfully attempts in any manner to evade or defeat any tax..."

15.    Thus, the person who is the subject of Sec. 145 and 7201 respectively must be a person with <u>all</u> of the following three particular characteristics;

   i.    a person who is <u>required</u> to <u>collect</u> a tax;

   ii.   a person who is <u>required</u> to <u>account for</u> a tax; <u>and</u>

   iii.  a person who is <u>required</u> to <u>pay over</u> a tax.

16.    The only person who is <u>required</u> by the internal revenue laws to collect, account for, <u>and</u> pay over any tax are withholding agents and they are the persons who have been made liable under Sec. 143(c). See Exhibit 8.

17.    Derivation Table I shows that Sections 6011, 6072(a), 6091(b), 6151(a) and 1461 of Title 26 were each derived from Sec. 143(c). See Exhibit 12.

18.    Sec. 6011 provides how to make a return, 6072(a) the time for the filing of a return, 6091(b) the place for fling a return, while Sec. 1461 specifically imposes a liability upon withholding agents and where the phrases "person required" or "made liable" will be found.

19.    Accordingly, the essential elements of a crime charged under Title 26 Sec. 7201 for tax evasion are as follows:

   i.    that the Accused was a person who was <u>required</u> to <u>collect</u> a tax;

   ii.   that the Accused was a person who was <u>required</u> to <u>account for</u> a tax;

   iii.  that the Accused was a person who was <u>required</u> to <u>pay over</u> a tax; *<u>and</u> then, after having established the person required,*

   iv.   that the Accused had <u>collected</u> a tax and willfully attempted to evade or defeat it;

   v.    that the Accused had willfully attempted to evade or defeat the tax by not accounting for it; <u>and</u>

---

Motion to Dismiss Indictment                4                Mark J. Neurohr, Accused

vi.    that the Accused had willfully attempted to evade or defeat the tax by
failing to pay over the tax.

20.    Because the elements described in Sec. 145(b) is written as a conjunctive, the
Government is <u>required</u> to allege facts sufficient to satisfy <u>each</u> of the elements that comprise the
crime.

21.    Since the Government did allege that the Accused attempted to "evade or defeat" a
tax, and since the only internal revenue law that pertains to the evading or defeating of income
taxes is Sec. 145(b), it is an inescapable conclusion that the law allegedly violated is applicable
to <u>just</u> withholding agents and nobody else.

22.    The indictment must at least allege those facts sufficient to support each and every
one of the elements of the crime charged to be valid, to vest the court with subject matter
jurisdiction and to ultimately support a conviction, if a conviction were to be returned.

23.    Otherwise, it would serve to permit the Executive Branch and members all the way
down to any Assistant United States Attorney to bring charges against persons who Congress
never intended to punish.

24.    Not only did Counts 1, 2, and 3 fail to allege the facts that would support the
necessary elements of the crime charged, the facts that were alleged are unrelated to any of the
crime's elements including concealing or attempting to conceal income.

25.    The defects in the instant indictment are not merely a matter of form but of substance
that goes to the lawful validity of the indictment and the jurisdiction of the Court to convict.

## LEGAL ARGUMENT

26.    Based upon the facts alleged in Counts 1, 2, and 3, the Government has wrongly
charged the Accused with the crime of tax evasion as codified in Sec. 7201 of Title 26.

27.    In order to interpret a law, the Court must first look to the language of the statute, in
contradistinction to the language of its codification. United States v. Wells, 519 U.S. 482, 490
(1997).

28.    It is the statute, not the accusation under it, which prescribes the rule to govern conduct and warns against transgression. See Stromberg v. California, 283 U.S. 359, 368 (1931); Lovell v. Griffin, 303 U.S. 444 (1938).

29.    In addition, the Accused is entitled to know what particular paragraph or paragraphs of the statute allegedly violated by the indictment detailing facts that constituted the violation.

30.    In the instant case, the Government has not only <u>wrongly</u> charged the Accused, it failed to allege facts to support even one of the necessary elements of the crime of tax evasion, rendering the entire indictment fatally defective and requiring that this Court dismiss it as a matter of law.

31.    No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes; all are entitled to be informed as to what the State commands or forbids. Lanzetta v. State of New Jersey, 306 U.S. 451, 453 (1939).

32.    It is not enough that indictments allege minimal facts to support the crime it charges but rather it must allege facts that support <u>every</u> essential element that constitutes the crime itself.

33.    "Every offense consists of acts either done or omitted under certain circumstance; and in the indictment for the offense, it is not sufficient to charge the Accused generally with having committed the offense, but <u>all</u> of the circumstance constituting the offense <u>must</u> be specified." U.S. v. Cruikshank, 92 U.S. 542. (emphasis added).

34.    An indictment not framed to apprise the Accused "with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." United States v. Simmons, 96 U.S. 360, 362.

35.    There is an important corollary purpose to be served by the requirement that an indictment set out "the specific offence, coming under the general description," with which the Accused is charged which is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." United States v. Cruikshank, 92 U.S. 542, 558 (1875).

---

36.    While the language of the statute may be used in the general description of the offense, it still must be accompanied by a statement of the facts and circumstances that will inform the Accused of the specific offense that comes under the general description with which he is charged. Russell v. U.S., 369 U.S. 749 (1962), citing U.S. v. Hess, 124 U.S. 483, 487; see also Pettibone v. United States, 148 U.S. 197, 202-204; Blitz v. United States, 153 U.S. 308, 315; Keck v. United States, 172 U.S. 434, 437; Morissette v. United States, 342 U.S. 246, 270, n. 30; Cf. United States v. Petrillo, 332 U.S. 1, 10-11.

37.    Federal crimes are made up of factual elements, which are ordinarily listed in the statute (not the code section) that defines the crime, so calling a particular kind of fact an "element" carries certain legal consequences. Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998).

38.    The consequence that matters is that a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element. Johnson v. Louisiana, 406 U.S. 356, 369-371 (1972) (Powell, J., concurring); Andres v. United States, 333 U.S. 740, 748 (1948); Fed. Rule Crim. Proc. 31(a).

39.    There are at least five elements that comprise the crime of tax evasion as embraced by the statute from which Sec. 7201 of the IR Code was derived. See Para. 19 supra.

40.    Neither Count 1, 2, or 3 alleged facts to support any, let alone each of these elements.

41.    It is well- recognized, and consonant with ordinary notions of fair play and the settled rule of law, that the terms of a penal statute must be sufficiently explicit to inform those subject to it what conduct will render them liable to its penalties so as to not violate the first essential of due process of law. See Connally v. General Const. Co., 269 U.S. 385, 391 (1926).

42.    As here, where a statute defines several separate offenses, mere reference to the statute does not fulfill requirement of FRCrP 7(c), let alone due process.

43.    In this case, by allowing  the indictment to use language from Sec. 7201 of the IR Code alone would permit a subjective interpretation of the intent of the law from which it was derived.

---

44.     Here the indictment not only failed to use language from the actual statute to charge the Accused, it merely used language from a section of the Code taken out of its legal context and intent, thus depriving the Accused from fully knowing both the nature and cause of the accusation.

45.     This requirement is designed not just for the protection of the Accused, but for the benefit of the prosecution as well by making it possible for courts called upon to pass on the validity of convictions under the statute to bring an enlightened judgment to that task. Cf. Watkins v. United States, 354 U.S. 178 (1957).

46.     A criminal prosecution requires <u>strict</u> construction of the laws in question. United States v. Anzalone, 766 F.2d 676, 680 (1985).

47.     As the indictment is now framed, the Accused would be unable to plead an acquittal or conviction in bar of future prosecutions for the same offenses. Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953).

48.     Because of these defects the indictment fails to afford procedural and substantive due process, fails to adequately inform the Accused of the charges against him, and deprives this Court of jurisdiction over the subject matter. U.S. Constitution Amendments V and VI; Also see United States v. Sheehy, 541 F.2d 123, 130 (1976).

<u>Code vs. Law</u>

49.     Derivation Table I of the IR Code of 1954 showed that Sec. 7201 was specifically derived from Sec. 145 of the IR Code of 1939.

50.     Only by reading all of Sec. 145 was the Accused able to determine that the facts alleged in the indictment did not support a lawful charge of tax evasion.

51.     The Internal Revenue Code comprises Title 26 of the United States Code and is only prima facie evidence of the law; it is not even the work product of the Congress of the United States.

52.     This distinction is not merely semantic but cuts to the very heart of the charging instrument and whether the Accused can be compelled to defend it.

---

53.    The Code is merely a codification, revision, and restatement of the laws of the United States which has been adopted for use by Congress as a code of law and not "the" law itself. Ryan v. Bilby, 764 F.2d 1325, 1328 (1985); Five Flags Pipe Line Co. v. Dept. of Transportation, 854 F.2d 1438, 1440 (1988); Stephan v. United States, 319 U.S. 415, 426 (1943); Royer's Inc. v. United States, 265 F.2d 615, 618 (1959); 44 Statutes at Large, Part 1, preface.

54.    Title 1 §204 and the preface to all volumes of both the United States Code Annotated and the United States Code Service state quite plainly that the code is in fact prima facie evidence of the statute law that may be rebutted at any time. *Murrell v. W. U. Tel. Co., 160 F.2d. 787; Stephan v. U.S., 63 S.Ct. 1135, 319 U.S. 423; Nashville Milk Co. v. Carnation Co., 238 F.2d. 86, affirmed 78 S.Ct. 352, 355, rehearing denied 78 S. Ct. 530, 355 U.S. 967.*

> "The United States Code was <u>not</u> enacted as a statute, nor can it be construed as such. It is <u>only</u> a prima facie statement of the statute law." (emphasis added).

> Five Flags Pipe Line Co. v. Dept. of Transportation, 854 F. 2d 1438, 1440 (1988); Stephan v. U.S., 319 U.S. 415, 426 (1943); 44 Statute at Large, Part I, preface.

55.    If construction is necessary, recourse may be had to the original statutes themselves." Murrell v. Western Union Tel. Co., 160 F.2d 787,788 (1947); United States v. Mercur Corporation, 83 F.2d 178, 180 (1936). (emphasis added).

56.    When first published, the Code itself clearly admitted that it was a "restatement" of law:

> "A revision is a complete restatement of the law and requires enactment by the legislature in order to be effective and upon enactment it becomes the law itself, replacing all former statutes".

> Fidelity & Columbia Trust Co. v. Meek, 171 S.W. 2d 41, 43-44 (1943).

57.    While the Code stands as prima facie evidence of law, the official source of the laws of the Congress of the United States are to be found exclusively in the United States Statutes at Large. Royer's Inc. v. U.S., 265 F.2d 615, 618 (1959).

58.    Lawmaking authority for the federal government is vested  only the Congress of the United States and nothing can be made a federal law unless enacted by Congress as prescribed by the Constitution in conformity with constitutional forms, prerequisites or prohibitions.

59.    Nothing becomes a law simply and solely because men who possess the legislative power will that it shall be, unless they express their determination to that effect, in the mode pointed out by the instrument which invests them with the power, and under all the forms which that instrument has rendered essential. Caine v. Robbins, 131 P.2d. 516, 518 (Nev. 1942), citing Cooley's Constitutional Limitations, 6th Ed., p. 155; Visant, Adm,x v. Knox, 27 Ark. 266, 277 (1981).

60.    As merely prima facie evidence, any charges of violations of the Code are rebuttable:

**Prima Facie:** - A fact presumed to be true unless disproved by some evidence to the contrary. *State ex rel. Herbert v. Whims, 68 Ohio App, 39, 38 N.E. 2d 596, 599; Black's L.D. 6th Ed.*

**Rebuttable:** - An assumption of facts made because common experience has established that they ordinarily exist where the basic facts from which the assumption arises have been established, but which may, in truth and fact, not exist at all. *Wyatt v. Baughman, 239 P.2d 193; Black's L.D. 6th Ed.*

61.    With respect to the Accused, the differences between what is the law and what is the code of the law is most significant and cuts to the heart of subject matter jurisdiction.

**Code:** - A systematic collection, compendium, or revision of laws, rules, or regulations. A private or official compilation of all permanent laws in force consolidated and classified according to subject matter. *Black's L.D. 6th Ed.*

**Compilation:** - A bringing together of preexisting statutes in the form in which they were enacted with the removal of sections which have been repealed...*Black's L.D. 6th Ed.*

**Law:** - a body of rules of action or conduct prescribed by controlling authority with binding legal force. *United States Fidelity and Guaranty Co. v. Guenther, 281 U.S. 34; Strother v. Lucas, 9 L. Ed. 1137.*

**Statute:** - A formal written enactment of a legislative body...declaring, commanding, or declaring something; a particular law enacted and established by the will of the legislative department of government. *Black's L.D. 6th Ed.*

**United States Statute at Large:** - An official publication of the federal statutes. *Black's L.D. 6th Ed.* The published statutes of a jurisdiction...compiled by a selective process including some modifications of and additions to pre-existing law and made official through legislative adoption. *Ballentine's L.D.*

---

Motion to Dismiss Indictment               10               Mark J. Neurohr, Accused

### Bill of Particulars

62.    A Bill of Particulars can <u>not</u> cure an indictment that failed to include <u>an essential</u> <u>element</u> of the crime charged just as in the instant case. See Russell v US 369 US 749, 769-770.

63.    *In Russell,* the Court explained why a bill of particulars cannot save an invalid indictment:

> "A grand jury, in order to make that ultimate determination, must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of' the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. See Orfield, Criminal Procedure from Arrest to Appeal, 243.
>
> "It is "hornbook law" that a bill of particulars cannot suffice to cure an indictment that fails to allege an essential element of the charge". Russell at 769-770.

## SUMMARY & CONCLUSION

64.    Each count in the indictment charged the Accused with the crime of tax evasion but failed to allege facts that constitute the elements of tax evasion.

65.    A Bill of Particulars can not cure what are fatal defects in the indictment.

66.    The indictment as returned denies the Accused of procedural and substantive due process and the protection afforded by Amendments V and VI to the Constitution.

67.    It would be a genuine travesty of justice to require the Accused defend against such a fatally defective charging instrument.

68.    The Court can not impose a sentence because of the want of subject matter jurisdiction caused by the defective indictment.

69.    The proper remedy is to dismiss all counts to the indictment for the reasons as set forth herein.

## RELIEF REQUESTED

WHEREFORE the Accused respectfully requests that the Court enter a finding of fact that the indictment is legally insufficient for the reasons set forth herein and that the Court enter an order dismissing the instant indictment forthwith.

70.    The Accused also requests that the Court enter an order releasing the Accused from the custody of the United States and that all of the property and money of the Accused presently in the possession of the United States is returned forthwith.

**ORAL ARGUMENT DEMANDED.**

## CERTIFICATE OF SERVICE

I hereby certify that on this _27_ day of March 2000, a copy of the foregoing was sent to the persons named below via the U.S. Postal Service.

Respectfully submitted,

_____
Richard A. Moore
RICHARD A. MOORE, P.A.
1 N.E. 2nd Avenue
Miami, Florida
Florida bar No.: 248894
Tel: 305-373-2336
Fax: 305-358-2503

## COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394

---

APPENDIX—TABLE II                    967

TABLE II—Continued

| 1954 Code section number | 1939 Code section number | 1954 Code section number | 1939 Code section number |
|---|---|---|---|
| 6901(g) | 311(e), 1025(g). | 7209 | 1425(a). |
| 6901(h) | 311(f), 900(e), 1025(f). | 7210 | 3616(b). |
| 6901(i) | | 7211 | 3325. |
| 6902(a) | 1119(a). | 7212(a) | 3601(c). |
| 6902(b) | 1119(b). | 7212(b) | 3601(c)(2). |
| 6903(a) | 312(a), 901(a), 1026(a). | 7213(a)(1) | 55(f)(1). |
| 6903(b) | 312(c), 901(c), 1026(c). | 7213(a)(2) | 55(f)(2). |
| 6904 | | 7213(a)(3) | 55(f)(3). |
| 7001(a) | 150. | 7213(b) | 4047(a)(1). |
| 7001(b) | | 7213(c) | |
| 7011(a) | 3270(a). | 7214(a) | 4047(e). |
| 7011(b) | 3280(a). | 7214(b) | 4047. |
| 7012 | | 7214(c) | |
| 7101 | 44(d), 56(c)(2), 112(b)(6)(D), 131(c), 146(b), 272(j), 273(f), 822(a)(2), 871(h), 872(f), 926, 1012(i), 1013(f), 1145, 1818(a), 2302(e), 2322(e), 2352(e), 2474, 2569(b), 2653(d), 3360(d)(2)(B), 3412(d), 3413, 3660(b), 3722(c), 3724(c), 3943, 3992, 4010, and 6 U.S.C. 15. | 7231 | 150. |
| | | 7232 | 3412(d). |
| | | 7233(1) | 1929(a)(1). |
| | | 7233(2) | 1929(a)(2). |
| | | 7234(a) | 2308(a). |
| | | 7234(b) | 2308(c). |
| | | 7234(c) | 2308(h). |
| | | 7234(d)(1) | 2308(i)(1). |
| | | 7234(d)(2)(A) | 2308(g)(1). |
| | | 7234(d)(2)(B) | 2308(g)(2). |
| 7102 | 3676. | 7234(d)(3) | 2308(i)(2). |
| 7103 | | 7234(d)(4) | 2308(d). |
| 7121(a) | 3760. | 7235(a) | 2326(a). |
| 7121(b) | 3760. | 7235(b) | 2326(b). |
| 7122(a) | 3761 | 7235(c) | 2326(c). |
| 7122(b) | 3761. | 7235(d) | 3207(b). |
| 7123 | | 7235(e) | 2327. |
| 7201 | 145(a), (b), 153(d), 340, 894(b)(2)(B), (C); 937, 1024(a), (b); 1718(a), (b); 1821(a)(1), (2), (b)(4); 2557(b)(2), (b)(3); 2656(f), 2707(b), 2707(c), 3604(c). | 7236 | 2357(b). |
| | | 7237(a) | 2557(b)(1), 2596, 3225, 3235. |
| | | 7237(b) | 2557(a). |
| | | 7238 | 2570. |
| | | 7239(a) | 2656(b). |
| | | 7239(b) | 2656(d). |
| 7202 | 145(b), 894(b)(2)(C), 1718(b), 1821(a)(2), 2557(b)(3), 2707(c). | 7240 | 3606. |
| | | 7261 | 2409. |
| | | 7262 | 3294(a). |
| 7203 | 145(a), 153(d), 340, 894(b)(2)(B), 937, 1024(a), 1718(a), 1821(a)(1), 2557(b)(2), 2707(b), 3604(c) | 7263(a) | 1929(c). |
| | | 7263(b) | 1929(b). |
| | | 7264 | 3207(a). |
| | | 7265(a)(1) | 2308(b). |
| | | 7265(a)(2) | 2326(a)(2). |
| 7204 | 1634(a) | 7265(b) | 2308(e), 2327(a). |
| 7205 | 1626(d). | 7265(c) | 2308(j), 2327(a). |
| 7206(1) | 3809(a). | 7266(a)(1) | 3211(a). |
| 7206(2) | 3793(b). | 7266(a)(2) | 3211(b). |
| 7206(3) | 3793(a). | 7266(a)(3) | 3211(c). |
| 7206(4) | 2656(a), 3321. | 7266(b) | 2357(a). |
| 7206(5) | 3762. | 7266(c) | 2357(c). |
| 7207 | 894(b)(2), 3616(a), 3672, 3793(b). | 7266(d) | 2357(d). |
| | | 7266(e) | 2357(e). |
| 7208 | 3300(b). | 7266(f) | 2357(f). |
| 7208(1) | 1425(a). | 7267(a) | 2656(j). |
| 7208(2) | 1823(a). | 7267(b) | 2656(k). |
| 7208(3) | 1822, 1823(b). | 7267(c) | 2656(i). |
| 7208(4) | 1823(c). | 7267(d) | 2656(h). |
| 7208(5) | 3323(a)(3). | 7268 | 3320(a). |

EXHIBIT 1

## ATTEMPT TO EVADE OR DEFEAT TAX
## STATUTORY LANGUAGE: 26 U.S.C. § 7201

§7201. Attempt to evade or defeat tax

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined* not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

*For offenses committed after December 31, 1984, the Criminal Fine Enforcement Act of 1984 (P.L. 98-596) enacted 18 U.S.C. § 3623 (1) which increased the maximum permissible fines for both misdemeanors and felonies. For the felony offenses set forth in section 7201, the maximum permissible fine for offenses committed after December 31, 1984, is at least $250,000 for individuals and $500,000 for corporations. Alternatively, if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.

**EXHIBIT 2**

934          INTERNAL REVENUE CODE OF 1954

## TABLE I—Continued

| 1939 Code section number | 1954 Code section number | 1939 Code section number | 1954 Code section number |
|---|---|---|---|
| 124A | 168. | 153(c) | 6104. |
| 124B | 169. | 153(d) | 7201, 7203. |
| 125 | 171. | 154 | 692. |
| 126 | 691. | 161 | 641. |
| 127(a), (b) | | 162(a) | 642(c). |
| 127(c)(1) | 1331. | 162(b) | 651, 652, 661, 662. |
| 127(c)(2) | 1332. | 162(c) | 661. |
| 127(c)(3) | 1333. | 162(d) | 643, 663. |
| 127(c)(4) | 1334. | 162(e) | 642. |
| 127(c)(5) | 1335. | 162(f) | 642. |
| 127(d) | 1336. | 162(g) | 681. |
| 127(e) | 1337. | 163(a)(1) | 642. |
| 127(f) | 1337. | 163(a)(2) | 642. |
| 128 | 1346. | 163(b) | 642. |
| 129 | 269. | 163(c) | 642(a), (1). |
| 130 | 270. | 164 | 652, 662. |
| 130A | 421. | 165(a) | 401, 501(a). |
| 131(a) | 901. | 165(b) | 402. |
| 131(b) | 904. | 165(c) | 402. |
| 131(c) | 905, 6155(a), 7101. | 165(d) | 402. |
| 131(d) | 905. | 166 | 676. |
| 131(e) | 905. | 167 | 677. |
| 131(f) | 902. | 168 | 642. |
| 131(g) | 901(c). | 169(a)–(c) | 584, 6065. |
| 131(h) | 903. | 169(d)(1)–(3) | 584. |
| 131(i) | 905. | 169(d)(4) | 584. |
| 141 | 1501, 1502, 6071, 6081 (a), 6091(b)(2), 6503(a)(2). | 169(e) | 584. |
| | | 169(f) | 6032, 6065(a). |
| | | 169(g) | 584. |
| | | 170 | 642, 584. |
| 142 | 6012(a), (b), 6065(a). | 171 | 682. |
| | | 172 | 642. |
| 143(a) | 1451. | 181 | 701. |
| 143(b) | 1441. | 182 | 702. |
| 143(c) | 1461, 6011(a), 6072(a), 6091(b), 6151(a). | 183(a), (b) | 702, 703. |
| | | 183(c) | 702. |
| | | 183(d) | 703(a). |
| 143(d) | 1462. | 184 | 702. |
| 143(e) | 1463. | 186 | 702. |
| 143(f) | 1464, 6414. | 187 | 6031, 6063, 6065(a). |
| 143(g) | 1461. | 188 | 706. |
| 143(h) | 1443, 6151. | 189 | 702, 703. |
| 144 | 1442, 6151(a). | 190 | |
| | | 191 | 704. |
| 145 | 7201, 7202, 7203, 7343. | 201(a)(1) | 802. |
| 146 | 443, 6155(a), 6601(a), 6658, 6851, 7101. | 201(a)(2), (3) | 807. |
| | | 201(b) | 801. |
| 147 | 6041(b), (c); 6071, 6081(a), 6091(a). | 201(c)(1) | 803(a). |
| | | 201(c)(2) | 803(b). |
| 148 | 6042, 6043, 6044, 6065(a), 6071, 6081(a), 6091(a). | 201(c)(3) | 803(c). |
| | | 201(c)(4) | 803(d). |
| | | 201(c)(5) | 803(e). |
| 149 | 6045, 6065(a), 6071, 6081 (a), 6091 (a). | 201(c)(6) | 803(f). |
| | | 201(c)(7) | 803(g). |
| 150 | 6071, 6081(a), 6091(a), 7001(a), 7231. | 201(d) | 803(h). |
| | | 201(e) | 803(i). |
| | | 201(f) | 803(j). |
| 151 | | 201(g) | |
| 153(a) | 6033(b), 6071, 6081(a), 6091(a). | 202(a) | 804(a). |
| | | 202(b) | |
| 153(b) | 6034, 6071, 6081(b), 6091(a). | 202(c) | 806. |
| | | 203 | |

**26 USC 7201 penalty** → (arrow pointing to "145" row)

EXHIBIT 3

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE FIRST SESSION OF THE
SEVENTY-SIXTH CONGRESS
OF THE UNITED STATES OF AMERICA

# 1939

AND

TREATIES, INTERNATIONAL AGREEMENTS OTHER
THAN TREATIES, AND PROCLAMATIONS

COMPILED, EDITED, INDEXED, AND PUBLISHED BY AUTHORITY OF LAW
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOLUME 53

PART 1

INTERNAL REVENUE CODE

APPROVED FEBRUARY 10, 1939



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1939

**EXHIBIT 4**

2            CODIFICATION OF INTERNAL REVENUE LAWS

PART VI—MISCELLANEOUS PROVISIONS

Sec. 61. Laws made applicable.
Sec. 62. Rules and regulations.
Sec. 63. Publication of statistics.
Sec. 64. Definitions.

SUBCHAPTER C—SUPPLEMENTAL PROVISIONS

SUPPLEMENT A—RATES OF TAX

Sec. 101. Exemptions from tax on corporations.
Sec. 102. Surtax on corporations improperly accumulating surplus.
Sec. 103. Rates of tax on citizens and corporations of certain foreign c...
Sec. 104. Banks and trust companies.
Sec. 105. Sale of oil or gas properties.
Sec. 106. Claims against United States involving acquisition of property.

SUPPLEMENT B—COMPUTATION OF NET INCOME

Sec. 111. Determination of amount of, and recognition of, gain or loss.
Sec. 112. Recognition of gain or loss.
Sec. 113. Adjusted basis for determining gain or loss.
Sec. 114. Basis for depreciation and depletion.
Sec. 115. Distributions by corporations.
Sec. 116. Exclusions from gross income.
Sec. 117. Capital gains and losses.
Sec. 118. Loss from wash sales of stock or securities.
Sec. 119. Income from sources within United States.
Sec. 120. Unlimited deduction for charitable and other contributions.
Sec. 121. Deduction of dividends paid on certain preferred stock of c...
          corporations.

SUPPLEMENT C—CREDITS AGAINST TAX

Sec. 131. Taxes of foreign countries and possessions of United States.

SUPPLEMENT D—RETURNS AND PAYMENT OF TAX

Sec. 141. Consolidated returns of railroad corporations.
Sec. 142. Fiduciary returns.
Sec. 143. Withholding of tax at source.
Sec. 144. Payment of corporation income tax at source.
Sec. 145. Penalties.
Sec. 146. Closing by Commissioner of taxable year.
Sec. 147. Information at source.
Sec. 148. Information by corporations.
Sec. 149. Returns of brokers.
Sec. 150. Collection of foreign items.
Sec. 151. Foreign personal holding companies.

SUPPLEMENT E—ESTATES AND TRUSTS

Sec. 161. Imposition of tax.
Sec. 162. Net income.
Sec. 163. Credits against net income.
Sec. 164. Different taxable years.
Sec. 165. Employees' trusts.
Sec. 166. Revocable trusts.
Sec. 167. Income for benefit of grantor.
Sec. 168. Taxes of foreign countries and possessions of United States.
Sec. 169. Common trust funds.

SUPPLEMENT F—PARTNERSHIPS

Sec. 181. Partnership not taxable.
Sec. 182. Tax of partners.
Sec. 183. Computation of partnership income.
Sec. 184. Credits against net income.
Sec. 185. Earned income.
Sec. 186. Taxes of foreign countries and possessions of United States.
Sec. 187. Partnership returns.
Sec. 188. Different taxable years of partner and partnership.

SUPPLEMENT G—INSURANCE COMPANIES

Sec. 201. Tax on life insurance companies.
Sec. 202. Gross income of life insurance companies.
Sec. 203. Net income of life insurance companies.

# EXHIBIT 5

60        CODIFICATION OF INTERNAL REVENUE LAWS

other cases the affiliated group making a consolidated return shall not be entitled to the benefits of such subsection, regardless of the fact that one or more of the corporations in the group are in bankruptcy or in receivership.

(k) ALLOCATION OF INCOME AND DEDUCTIONS.—

> For allocation of income and deductions of related trades or businesses, see section 45.

## SEC. 142. FIDUCIARY RETURNS.

(a) REQUIREMENT OF RETURN.—Every fiduciary (except a receiver appointed by authority of law in possession of part only of the property of an individual) shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this chapter and such other information for the purpose of carrying out the provisions of this chapter as the Commissioner with the approval of the Secretary may by regulations prescribe—

(1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife;

(2) Every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife;

(3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income;

(4) Every estate the net income of which for the taxable year is $1,000 or over;

(5) Every trust the net income of which for the taxable year is $100 or over;

(6) Every estate or trust the gross income of which for the taxable year is $5,000 or over, regardless of the amount of the net income; and

(7) Every estate or trust of which any beneficiary is a nonresident alien.

(b) JOINT FIDUCIARIES.—Under such regulations as the Commissioner with the approval of the Secretary may prescribe a return made by one of two or more joint fiduciaries and filed in the office of the collector of the district where such fiduciary resides shall be sufficient compliance with the above requirement. Such fiduciary shall make oath (1) that he has sufficient knowledge of the affairs of the individual, estate, or trust for which the return is made, to enable him to make the return, and (2) that the return is, to the best of his knowledge and belief, true and correct.

(c) LAW APPLICABLE TO FIDUCIARIES.—Any fiduciary required to make a return under this chapter shall be subject to all the provisions of law which apply to individuals.

## SEC. 143. WITHHOLDING OF TAX AT SOURCE.

(a) TAX-FREE COVENANT BONDS.—

(1) REQUIREMENT OF WITHHOLDING.—In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation, issued before January 1, 1934, contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this chapter upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods, if payable to an individual, a partnership, or a foreign corporation not engaged in trade or business within the United States and not having any

**EXHIBIT 6**

INCOME TAX                        **61**

office or place of business therein : *Provided*, That if the liability
assumed by the obligor does not exceed 2 per centum of the interest,
then the deduction and withholding shall be at the following rates :
(A) 10 per centum in the case of a nonresident alien individual
(except that such rate shall be reduced, in the case of a resident
of a contiguous country, to such rate, not less than 5 per centum,
as may be provided by treaty with such country), or of any part-
nership not engaged in trade or business within the United States
and not having any office or place of business therein and composed
in whole or in part of nonresident aliens, (B) in the case of such
a foreign corporation, 15 per centum, and (C) 2 per centum in the
case of other individuals and partnerships : *Provided further*, That
if the owners of such obligations are not known to the withholding
agent the Commissioner may authorize such deduction and with-
holding to be at the rate of 2 per centum, or, if the liability
assumed by the obligor does not exceed 2 per centum of the interest,
then at the rate of 10 per centum.

(2) BENEFIT OF CREDITS AGAINST NET INCOME.—Such deduction
and withholding shall not be required in the case of a citizen or
resident entitled to receive such interest, if he files with the with-
holding agent on or before February 1 a signed notice in writing
claiming the benefit of the credits provided in section 25 (b) ; nor
in the case of a nonresident alien individual if so provided for in
regulations prescribed by the Commissioner under section 215.

(3) INCOME OF OBLIGOR AND OBLIGEE.—The obligor shall not be
allowed a deduction for the payment of the tax imposed by this
chapter, or any other tax paid pursuant to the tax-free covenant
clause, nor shall such tax be included in the gross income of the
obligee.

(b) NONRESIDENT ALIENS.—All persons, in whatever capacity act-
ing, including lessees or mortgagors of real or personal property,
fiduciaries, employers, and all officers and employees of the United
States, having the control, receipt, custody, disposal, or payment of
interest (except interest on deposits with persons carrying on the
banking business paid to persons not engaged in business in the
United States and not having an office or place of business therein),
dividends, rent, salaries, wages, premiums, annuities, compensations,
remunerations, emoluments, or other fixed or determinable annual or
periodical gains, profits, and income (but only to the extent that
any of the above items constitutes gross income from sources within
the United States), of any nonresident alien individual, or of any
partnership not engaged in trade or business within the United
States and not having any office or place of business therein and
composed in whole or in part of nonresident aliens, shall (except in
the cases provided for in subsection (a) of this section and except as
otherwise provided in regulations prescribed by the Commissioner
under section 215) deduct and withhold from such annual or periodi-
cal gains, profits, and income a tax equal to 10 per centum thereof,
except that such rate shall be reduced, in the case of a nonresident alien
individual a resident of a contiguous country, to such rate (not less
than 5 per centum) as may be provided by treaty with such country :
*Provided*, That no such deduction or withholding shall be required
in the case of dividends paid by a foreign corporation unless (1)
such corporation is engaged in trade or business within the United
States or has an office or place of business therein, and (2) more than
85 per centum of the gross income of such corporation for the three-
year period ending with the close of its taxable year preceding the
declaration of such dividends (or for such part of such period as the
corporation has been in existence) was derived from sources within
the United States as determined under the provisions of section 119 :
*Provided further*, That the Commissioner may authorize such tax
to be deducted and withheld from the interest upon any securities

**EXHIBIT 7**

62        CODIFICATION OF INTERNAL REVENUE LAWS

the owners of which are not known to the withholding agent. Under regulations prescribed by the Commissioner, with the approval of the Secretary, there may be exempted from such deduction and withholding the compensation for personal services of nonresident alien individuals who enter and leave the United States at frequent intervals.

**creation & imposition of a liability for tax by persons required to deduct and withhold such taxes**

(c) RETURN AND PAYMENT.—Every person required to deduct and withhold any tax under this section shall make return thereof on or before March 15 of each year and shall on or before June 15, in lieu of the time prescribed in section 56, pay the tax to the official of the United States Government authorized to receive it. Every such person is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this section.

(d) INCOME OF RECIPIENT.—Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount of tax so withheld shall be credited against the amount of income tax as computed in such return.

(e) TAX PAID BY RECIPIENT.—If any tax required under this section to be deducted and withheld is paid by the recipient of the income, it shall not be re-collected from the withholding agent; nor in cases in which the tax is so paid shall any penalty be imposed upon or collected from the recipient of the income or the withholding agent for failure to return or pay the same, unless such failure was fraudulent and for the purpose of evading payment.

(f) REFUNDS AND CREDITS.—Where there has been an overpayment of tax under this section any refund or credit made under the provisions of section 322 shall be made to the withholding agent unless the amount of such tax was actually withheld by the withholding agent.

(g) CROSS REFERENCE.—

For definition of "withholding agent", see section 3797 (a) (16).

SEC. 144. PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

In the case of foreign corporations subject to taxation under this chapter not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 143 a tax equal to 15 per centum thereof, except that in the case of dividends the rate shall be 10 per centum, and except that in the case of corporations organized under the laws of a contiguous country such rate of 10 per centum with respect to dividends shall be reduced to such rate (not less than 5 per centum) as may be provided by treaty with such country; and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: *Provided,* That in the case of interest described in subsection (a) of that section (relating to tax-free covenant bonds) the deduction and withholding shall be at the rate specified in such subsection.

**applies to anyone who willfully fails to**

SEC. 145. PENALTIES.

(a) FAILURE TO FILE RETURNS, SUBMIT INFORMATION, OR PAY TAX.—Any person required under this chapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this chapter, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned

**EXHIBIT 8**

for not more than one year, or both, together with the costs of
prosecution.

(b) Failure to Collect and Pay Over Tax, or Attempt to Defeat
or Evade Tax.—Any person required under this chapter to collect,
account for, and pay over any tax imposed by this chapter, who will-
fully fails to collect or truthfully account for and pay over such tax,
and any person who willfully attempts in any manner to evade or
defeat any tax imposed by this chapter or the payment thereof, shall,
in addition to other penalties provided by law, be guilty of a felony
and, upon conviction thereof, be fined not more than $10,000, or
imprisoned for not more than five years, or both, together with the
costs of prosecution.

(c) Person Defined.—The term "person" as used in this section
includes an officer or employee of a corporation or a member or
employee of a partnership, who as such officer, employee, or member
is under a duty to perform the act in respect of which the violation
occurs.

**26 USC 7201 mirrors language from (b); applies to persons required to collect, report,**

(d) Cross Reference.—

For penalties for failure to file information returns with respect to
foreign personal holding companies and foreign corporations, see sec-
tion 340.

SEC. 146. CLOSING BY COMMISSIONER OF TAXABLE YEAR.

(a) Tax in Jeopardy.—

(1) Departure of taxpayer or removal of property from United
States.—If the Commissioner finds that a taxpayer designs quickly
to depart from the United States or to remove his property there-
from, or to conceal himself or his property therein, or to do any
other act tending to prejudice or to render wholly or partly ineffec-
tual proceedings to collect the tax for the taxable year then last
past or the taxable year then current unless such proceedings be
brought without delay, the Commissioner shall declare the taxable
period for such taxpayer immediately terminated and shall cause
notice of such finding and declaration to be given the taxpayer,
together with a demand for immediate payment of the tax for the
taxable period so declared terminated and of the tax for the pre-
ceding taxable year or so much of such tax as is unpaid, whether or
not the time otherwise allowed by law for filing return and paying
the tax has expired; and such taxes shall thereupon become immedi-
ately due and payable. In any proceeding in court brought to
enforce payment of taxes made due and payable by virtue of the
provisions of this section the finding of the Commissioner, made as
herein provided, whether made after notice to the taxpayer or not,
shall be for all purposes presumptive evidence of the taxpayer's
design.

(2) Corporation in liquidation.—If the Commissioner finds that
the collection of the tax of a corporation for the current or last
preceding taxable year will be jeopardized by the distribution of
all or a portion of the assets of such corporation in the liquidation
of the whole or any part of its capital stock, the Commissioner shall
declare the taxable period for such taxpayer immediately termi-
nated and shall cause notice of such finding and declaration to be
given the taxpayer, together with a demand for immediate payment
of the tax for the taxable period so declared terminated and of the
tax for the last preceding taxable year or so much of such tax as is
unpaid, whether or not the time otherwise allowed by law for
filing return and paying the tax has expired; and such taxes shall
thereupon become immediately due and payable.

(b) Security for Payment.—A taxpayer who is not in default in
making any return or paying income, war-profits, or excess-profits
tax under any Act of Congress may furnish to the United States,
under regulations to be prescribed by the Commissioner, with the
approval of the Secretary, security approved by the Commissioner

**EXHIBIT 9**

VI          CODIFICATION OF INTERNAL REVENUE LAWS

TABLE A.—*Derivation of Internal Revenue Code*—Continued

| I. R. C section | Date | Volume | Page | Chapter | Section |
|---|---|---|---|---|---|
| 117 | 1938, May 28 | 52 | 500 | 289 | 117. |
| 118 | do | 52 | 503 | 289 | 118. |
| 119 | do | 52 | 503 | 289 | 119. |
| 120 | do | 52 | 506 | 289 | 120. |
| 121 | do | 52 | 506 | 289 | 121. |
| 131 | do | 52 | 506 | 289 | 131. |
| 141 | do | 52 | 508 | 289 | 141. |
| 142 | do | 52 | 510 | 289 | 142. |
| 143 (a)–(f) | do | 52 | 511 | 289 | 143. |
| 143 (g) | 1938, May 28 | 52 | 513 | 289 | 144. |
| 144 | do | 52 | 513 | 289 | 145. |
| 146 | do | 52 | 513 | 289 | 146. |
| 147 | do | 52 | 515 | 289 | 147. |
| 148 | do | 52 | 515 | 289 | 148. |
| 149 | do | 52 | 516 | 289 | 149. |
| 150 | do | 52 | 516 | 289 | 150. |
| 151 | do | 52 | 516 | 289 | 151. |
| 161 | do | 52 | 517 | 289 | 161. |
| 162 | do | 52 | 517 | 289 | 162. |
| 163 | do | 52 | 518 | 289 | 163. |
| 164 | do | 52 | 518 | 289 | 164. |
| 165 | do | 52 | 518 | 289 | 165 (a). |
| 166 | do | 52 | 519 | 289 | 166. |
| 167 | do | 52 | 519 | 289 | 167. |
| 168 | do | 52 | 519 | 289 | 168. |
| 169 | do | 52 | 519 | 289 | 169 (a)–(g) (1). |
| 181 | do | 52 | 521 | 289 | 181. |
| 182 | do | 52 | 521 | 289 | 182. |
| 183 | do | 52 | 521 | 289 | 183. |
| 184 | do | 52 | 521 | 289 | 184. |
| 185 | do | 52 | 522 | 289 | 185. |
| 186 | do | 52 | 522 | 289 | 186. |
| 187 | do | 52 | 522 | 289 | 187. |
| 188 | do | 52 | 523 | 289 | 188 (a). |
| 201 | do | 52 | 522 | 289 | 201. |
| 202 | do | 52 | 523 | 289 | 202. |
| 203 | do | 52 | 523 | 289 | 203. |
| 204 | do | 52 | 524 | 289 | 204. |
| 205 | do | 52 | 526 | 289 | 205. |
| 206 | do | 52 | 526 | 289 | 206. |
| 207 | do | 52 | 526 | 289 | 207. |
| 211 | do | 52 | 527 | 289 | 211. |
| 212 | do | 52 | 528 | 289 | 212. |
| 213 | do | 52 | 528 | 289 | 213. |
| 214 | do | 52 | 529 | 289 | 214. |
| 215 | do | 52 | 529 | 289 | 215. |
| 216 | do | 52 | 529 | 289 | 216. |
| 217 | do | 52 | 529 | 289 | 217. |
| 218 | do | 52 | 530 | 289 | 218. |
| 219 | do | 52 | 530 | 289 | 219. |
| 231 | do | 52 | 530 | 289 | 231. |
| 232 | do | 52 | 531 | 289 | 232. |
| 233 | do | 52 | 531 | 289 | 233. |
| 234 | do | 52 | 531 | 289 | 234. |
| 235 | do | 52 | 531 | 289 | 235. |
| 236 | do | 52 | 531 | 289 | 236. |
| 237 | do | 52 | 531 | 289 | 237. |
| 238 | do | 52 | 532 | 289 | 238. |
| 251 | do | 52 | 532 | 289 | 251. |
| 252 | do | 52 | 533 | 289 | 252. |
| 261 | do | 52 | 533 | 289 | 261. |
| 262 | do | 52 | 533 | 289 | 262. |
| 263 | do | 52 | 534 | 289 | 263. |
| 264 | do | 52 | 534 | 289 | 264. |
| 265 | do | 52 | 534 | 289 | 265 |
| 271 | do | 52 | 534 | 289 | 271. |
| 272 | do | 52 | 535 | 289 | 272. |
| 273 | do | 52 | 537 | 289 | 273. |
| 274 | do | 52 | 533 | 289 | 274. |
| 275 | do | 52 | 539 | 289 | 275. |
| 276 | do | 52 | 540 | 289 | 276. |
| 277 | do | 52 | 540 | 289 | 277. |
| 291 | do | 52 | 540 | 289 | 291. |
| 292 | do | 52 | 541 | 289 | 292. |
| 293 | do | 52 | 541 | 289 | 293. |
| 294 | do | 52 | 541 | 289 | 294. |
| 295 | do | 52 | 542 | 289 | 295. |
| 296 | do | 52 | 542 | 289 | 296. |
| 297 | do | 52 | 542 | 289 | 297. |
| 298 | do | 52 | 542 | 289 | 298. |
| 299 | do | 52 | 543 | 289 | 299. |
| 311 | do | 52 | 543 | 289 | 311. |
| 312 | do | 52 | 544 | 289 | 312. |
| 312 |  |  |  |  |  |
| 321 | 1938, May 28 | 52 | 544 | 289 | 321. |
| 322 | do | 52 | 544 | 289 | 322. |
| 331 | do | 52 | 545 | 289 | 331. |
| 332 | do | 52 | 545 | 289 | 332. |
| 333 | do | 52 | 547 | 289 | 333. |
| 334 | do | 52 | 548 | 289 | 334. |
| 335 | do | 52 | 548 | 289 | 335. |
| 336 | do | 52 | 549 | 289 | 336. |

**EXHIBIT 10**

(f) REFUNDS AND CREDITS.—Where there has been an overpayment of tax under this section any refund or credit made under the provisions of section 322 shall be made to the withholding agent, unless the amount of such tax was actually withheld by the withholding agent.

Refunds and credits.
*Post,* p. 514.

### SEC. 144. PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

In the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 143 a tax equal to 15 per centum thereof, except that in the case of dividends the rate shall be 10 per centum, and except that in the case of corporations organized under the laws of a contiguous country such rate of 10 per centum with respect to dividends shall be reduced to such rate (not less than 5 per centum) as may be provided by treaty with such country; and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: *Provided,* That in the case of interest described in subsection (a) of that section (relating to tax-free covenant bonds) the deduction and withholding shall be at the rate specified in such subsection.

Payment of corporation income tax at source.
By foreign corporations not in business in United States.

*Ante,* p. 511.

*Proviso.*
Interest, tax-free covenant bonds.

### SEC. 145. PENALTIES.

(a) Any person required under this title to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

Penalties.

Willful failure to pay tax, make returns, etc.

Penalty.

→ original source for penalty provision for tax evasion as found in 26 USC 7201

(b) Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

Willful failure to collect, etc., tax; evading payment, etc

Penalty.

(c) The term "person" as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

"Person" defined.

(d) For penalties for failure to file information returns with respect to foreign personal holding companies and foreign corporations, see section 340.

Foreign personal holding companies, etc., failure to file information returns.
*Post,* p. 552.

### SEC. 146. CLOSING BY COMMISSIONER OF TAXABLE YEAR.

(a) TAX IN JEOPARDY.—

(1) DEPARTURE OF TAXPAYER OR REMOVAL OF PROPERTY FROM UNITED STATES.—If the Commissioner finds that a taxpayer designs quickly to depart from the United States or to remove

Closing by Commissioner of taxable year.
Tax in jeopardy.
Departure of taxpayer or removal of property from United States.

36525°—38——33

EXHIBIT 11

934 INTERNAL REVENUE CODE OF 1954

TABLE I—Continued

| 1939 Code section number | 1954 Code section number | 1939 Code section number | 1954 Code section number |
|---|---|---|---|
| 124A | 168. | 153(c) | 6104. |
| 124B | 169. | 153(d) | 7201, 7203. |
| 125 | 171. | 154 | 692. |
| 126 | 691. | 161 | 641. |
| 127(a), (b) | | 162(a) | 642(c). |
| 127(c)(1) | 1331. | 162(b) | 651, 652, 661, 662. |
| 127(c)(2) | 1332. | 162(c) | 661. |
| 127(c)(3) | 1333. | 162(d) | 643, 663. |
| 127(c)(4) | 1334. | 162(e) | 642. |
| 127(c)(5) | 1335. | 162(f) | 642. |
| 127(d) | 1336. | 162(g) | 681. |
| 127(e) | 1337. | 163(a)(1) | 642. |
| 127(f) | 1337. | 163(a)(2) | 642. |
| 128 | 1346. | 163(b) | 642. |
| 129 | 269. | 163(c) | 642(a), (1). |
| 130 | 270. | 164 | 652, 662. |
| 130A | 421. | 165(a) | 401, 501(a). |
| 131(a) | 901. | 165(b) | 402. |
| 131(b) | 904. | 165(c) | 402. |
| 131(c) | 905, 6155(a), 7101. | 165(d) | 402. |
| 131(d) | 905. | 166 | 676. |
| 131(e) | 905. | 167 | 677. |
| 131(f) | 902. | 168 | 642. |
| 131(g) | 901(c). | 169(a)–(c) | 584, 6065. |
| 131(h) | 903. | 169(d)(1)–(3) | 584. |
| 131(i) | 905. | 169(d)(4) | 584. |
| 141 | 1501, 1502, 6071, 6081 (a), 6091(b)(2), 6503(a)(2). | 169(e) | 584. |
| | | 169(f) | 6032, 6065(a). |
| | | 169(g) | 584. |
| 142 | 6012(a), (b), 6065(a). | 170 | 642, 584. |
| | | 171 | 682. |
| 143(a) | 1451. | 172 | 642. |
| 143(b) | 1441. | 181 | 701. |
| 143(c) | 1461, 6011(a), 6072(a), 6091(b), 6151(a). | 182 | 702. |
| | | 183(a), (b) | 702, 703. |
| | | 183(c) | 702. |
| 143(d) | 1462. | 183(d) | 703(a). |
| 143(e) | 1463. | 184 | 702. |
| 143(f) | 1464, 6414. | 186 | 702. |
| 143(g) | 1461. | 187 | 6031, 6063, 6065(a). |
| 143(h) | 1443, 6151. | 188 | 706. |
| 144 | 1442, 6151(a). | 189 | 702, 703. |
| 145 | 7201, 7202, 7203, 7343. | 190 | |
| 146 | 443, 6155(a), 6601(a), 6658, 6851, 7101. | 191 | 704. |
| | | 201(a)(1) | 802. |
| 147 | 6041(b), (c); 6071, 6081(a), 6091(a). | 201(a)(2), (3) | 807. |
| | | 201(b) | 801. |
| 148 | 6042, 6043, 6044, 6065(a), 6071, 6081(a), 6091(a). | 201(c)(1) | 803(a). |
| | | 201(c)(2) | 803(b). |
| | | 201(c)(3) | 803(c). |
| | | 201(c)(4) | 803(d). |
| 149 | 6045, 6065(a), 6071, 6081(a), 6091(a). | 201(c)(5) | 803(e). |
| | | 201(c)(6) | 803(f). |
| | | 201(c)(7) | 803(g). |
| 150 | 6071, 6081(a), 6091(a), 7001(a). 7231. | 201(d) | 803(h). |
| | | 201(e) | 803(i). |
| | | 201(f) | 803(j). |
| 151 | | 201(g) | |
| 153(a) | 6033(b), 6071, 6081(a), 6091(a). | 202(a) | |
| | | 202(b) | 804(a). |
| 153(b) | 6034, 6071, 6081(b), 6091(a). | 202(c) | 806. |
| | | 203 | |

sections making person liable & required →  [annotation pointing to 143(c) row]

EXHIBIT 12