UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. <u>00-6029-CR-ZLOCH</u>
Magistrate Judge Snow

UNITED STATES OF AMERICA, )
 )
      Plaintiff, )
 )
      v. )
 )
MARK J. NEUROHR, )
 )
      Defendant. )
 )

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its Response to Defendant's Motion to Dismiss Fatally Defective Indictment in support thereof states:

1. The gist of defendant's eleven page motion to dismiss is that, under Title 26 U.S.C. 7201, the government, in addition to pleading the elements of (1) an attempt to evade or defeat a tax, or payments thereof; (2) an additional tax due and owing; and (3) willfulness, should have have pleaded the following additional elements in the indictment against defendant:

    (4) that the accused was a person who was required to collect tax; and

    (5) that the accused was a person who was required to account for tax; and

    (6) that the accused had collected a tax and willfully attempted to evade or defeat it.



The defendant avers that since these additional three elements were not included in the indictment, the indictment is therefore fatally defective. Defendant's motion is frivolous and should be denied.[1]

2. Defendant argues that even though none of these additional three elements are contained in §7201 the court should divine that they must be there because these elements were included in the precursor to §7201, namely §145(b) of the 1939 Internal Revenue Code. This argument misinterprets both the old and new law.

3. Section §145(b) of the 1939 Internal Revenue Code reads as follows:

> **FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO DEFEAT OR EVADE TAX**
> (b) *Any person* required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, *and any person* who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more that five years, or both, together with the costs of prosecution. (emphasis added).

A plain reading of both the title of §145(b) and its text indicates that this statute did not require that the "person" who willfully failed to collect, account for and pay over a tax when he or she was required to do so be the same "person" who willfully attempted to evade or defeat a tax he or she was required to pay. The comma placed after the word "tax" in the title and the insertion of the words "and any person" in the body of the text made plain that the "person" who "failed to

---

[1] Defendant's motion appears to be the latest in a long line of frivolous boilerplate motions filed by the tax protestor community. Indeed, the identical motion, right down to the font used in defendant's papers, was filed in an unrelated proceeding on March 28, 2000, before the Honorable William Dimitrouleas in U.S. v. Tracy, Case No. 00-6026. Judge Dimitrouleas, without requiring a response from the Government, summarily denied the motion on April 4, 2000.

2

collect, account for and pay over any tax" was not intended to be the same "person" who "attempted to evade or defeat any tax."

4. Indeed, evidence that Congress always intended the two acts to be separate and distinct from one another is reflected in the current incarnation of the Internal Revenue Code under Title 26. Title 26 U.S.C. §7201,[2] which is titled "Attempt to evade or defeat tax," only pertains to those who willfully attempt to evade or defeat any tax. On the other hand, Title 26, U.S.C. §7202,[3] which is titled "Willful failure to collect or pay over tax," and which is where the first half of the old §145(b) is now contained, pertains only to those who willfully fail to collect or pay over tax. In his papers, defendant utterly ignores the existence of §7202 and, not surprisingly, has failed to cite a single case in support of his contention that §7201 was meant to include the separate crime that is now contained in §7202. Perhaps the reason that defendant has not cited a single case for his absurd proposition is because no such case exists.

5. The Supreme Court has held that to establish a violation of 26 U.S.C. §7201, only the following three elements must be proven: (1) an attempt to evade or defeat a tax, or payments

---

[2] §7201 reads as follows:
**Attempt to evade or defeat tax**
Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation) or imprisoned not more than 5 years or both, together with the costs of prosecution.

[3] §7202 reads as follows:
**Willful failure to collect or pay over tax**
Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000 or imprisoned not more than 5 years of both, together with the costs of prosecution.

thereof; (2) an additional tax due and owing; and (3) willfulness. <u>Sansone v. United States</u>, 380 U.S. 343, 351 (1965). Those three elements are contained within the instant indictment against the defendant.

WHEREFORE, the United States respectfully requests that the Court deny Defendant's Motions to Dismiss the Indictment.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *(signature)*
MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY
COURT ID NO. A5500407
500 EAST BROWARD BLVD., SUITE 700
FORT LAUDERDALE, FL 33301
(954) 356-7255
(954) 356-7336 (FACSIMILE)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by mail this 10th day of April 2000 to: Richard A. Moore, Esq., 1 N.E. 2nd Avenue, Suite 20, Miami, Florida 33132.

_____
MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY