IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                                      Case No. 00-6029
                                                                                                                                  CR-Zloch
                                                                                                                      Magistrate-Snow

MARK J, NEUROHR,
    Defendant.

_____/

**DEFENDANT'S REBUTTAL TO GOVERNMENT'S RESPONSE
TO MOTION TO DISMISS INDICTMENT**

    1.    Defendant Mark J. Neurohr, by and through his attorney of record, hereby files the Rebuttal to the Government's Response to Defendant's Motion to Dismiss the Indictment.

    2.    The Government's response to Defendant's Motion to Dismiss Indictment not only ignores substantive matters of law that the Defendant has raised, but attempts to construe Defendant's arguments as a mere trifling challenge to language in Title 26 of the United States Code, section 7201. Nothing could be further from the truth.

    3.    The central allegation in the Indictment is that the Accused did knowingly attempt to ***evade and defeat taxes*** due and owing the United States which the Government further alleged was a violation of Title 26, section 7201.



4. The central allegation of the Defendant's Motion to Dismiss is that the Indictment failed to allege **all of the elements that constitute the crime of tax evasion** in contradistinction to the sparse language contained in section 7201 of Title 26.

5. In support of his argument, Defendant cites *United States v. Wells, 519 U.S. 482, 490 (1997)* in which the Court held that, in order to interpret a law, the Court must first look to the language of **the statute.** The Court said nothing about looking to the language of a code section.

6. In *Lanzetta v. State of New Jersey, 306 U.S. 451, 453 (1939),* the Supreme Court held that no one may be required at peril of life, liberty or property to speculate as to the meaning of penal *statutes*; all are entitled to be informed as to what the State commands or forbids.

7. The indictment charged the Defendant with a violation of section of the United States Code, not an offense against the laws, i.e. the statutes, of the United States.

8. A criminal prosecution requires **strict** construction of the laws in question. *United States v. Anzalone, 766 F.2d 676, 680 (1985).*

9. As the indictment is now framed, the Accused would be unable to plead an acquittal or conviction in bar of future prosecutions for the same offenses. *Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953).*

10. **The United States Code was not enacted as a statute, nor can it be construed as such**; it is only a prima facie statement of the statute law. *Five Flags Pipe Line Co. v. Dept. of Transportation, 854 F. 2d 1438, 1440 (1988); Stephan v. U.S., 319 U.S. 415, 426 (1943); 44 Statute at Large, Part I, preface.* (emphasis added).

11. As here, "if construction is necessary, recourse may be had to the original statutes themselves." *Murrell v. Western Union Tel. Co., 160 F.2d 787,788 (1947); United States v. Mercur Corporation, 83 F.2d 178, 180 (1936).*

12. Aside from the conclusory statements about internal revenue laws in general, it appears that the best that the Government's attorney could do was descend to taking issue first with the Defendant's choice of type fonts before taking issue with the punctuation of section 145 (b), 1938 IR Code in an attempt to construe the meaning of the law. *See Response, para. 1 and 3.*

13.   While doing so, the Government's attorney somehow overlooked section 6 of the 1939 IR Code, now Sec. 7806(b) of Title 26, which states as follows:

> Sec. 7806. Construction of title
>
> (b) Arrangement and classification
>
> No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law.

14.   Although it was attempting to interpret a section of the United States Code, a United States District Court in 1966, *U.S. v. Menk, 260 F. Supp. 784; 1966*, found this it was not possible to determine the meaning or the intended effect of any one of the sections with which the Defendant was charged without reference to the others:

> "It is immediately apparent that this section alone does not define the offense as the defendant contends. But rather, all three of the sections referred to in the information - Sections 4461, 4901 and 7203 - ***must be considered together before a complete definition of the offense is found***. Section 4461 imposes a tax on persons engaging in a certain activity; Section 4901 provides that payment of the tax shall be a condition precedent to engaging in the activity subject to the tax; and Section 7203 makes it a misdemeanor to engage in the activity without having first paid the tax, and provides the penalty. ***It is impossible to determine the meaning or intended effect of any one of these sections without reference to the others.***" (emphasis added).

15.   The fact remains that the Defendant has exhaustively shown that the crime of evading and defeating any tax under subtitle A, i.e. the income tax, applies to a limited class of taxpayer, not to any or every taxpayer that the Government may wish to prosecute including the Defendant.

16.   The Defendant has further alleged that by the Government's failure to allege all of the elements of the crime of tax evasion, not what is found in section 7201 of the Code makes the Indictment fatally defective and grounds for the dismissal.

3

Rebuttal to Government's Response                              Mark J. Neurohr, Accused

17. Accordingly, the Defendant hereby reiterates the following conclusions as shown in Defendant's Motion to Dismiss the Indictment:

    a. that each count in the indictment charged the Accused with the crime of tax evasion but failed to allege facts that constitute the elements of tax evasion;

    b. that a Bill of Particulars can not cure what are fatal defects in the indictment;

    c. that the indictment as returned denies the Accused of procedural and substantive due process and the protection afforded by Amendments V and VI to the Constitution;

    d. that the Court can not impose a sentence because of the want of subject matter jurisdiction caused by the defective indictment; and

    e. that the proper remedy is to dismiss all counts to the indictment for the reasons as set forth herein.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2000, a copy of the foregoing was sent to the persons named below via the U.S. Postal Service.

Respectfully submitted,

_[signature]_

by Richard A. Moore
RICHARD A. MOORE, P.A.
1 N.E. 2nd Avenue
Miami, Florida
Florida bar No.: 248894
Tel: 305-373-2336
Fax: 305-358-2503

## COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394