```
                        FILED
                        JUN 6  2000
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,
         Plaintiff,

v.

MARK NEUROHR,

         Defendant.
_____/

<u>GOVERNMENT'S BRIEF ON ADMISSIBILITY OF NOTICES AND OTHER EVIDENCE
THAT DEFENDANT WILLFULLY VIOLATED HIS LEGAL OBLIGATION TO
PROPERLY FILE HIS INCOME TAX RETURNS AND PAY INCOME TAX</u>

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its brief on the admissibility of evidence to prove that defendant willfully violated his legal obligation to properly file his income tax returns and pay income tax and in support thereof states:

1. As part of its response to the Standing Discovery Order dated March 7, 2000, the Government advised the defendant that it intended to introduce evidence that may fall under F.R.E. 404(b) or, in the alternative, that may be considered inextricably intertwined with other evidence that will be introduced. On May 25, 2000, at the Government's suggestion, the undersigned and



44

defendant's counsel had a discovery conference whereby defendant's counsel was given an opportunity to inspect and copy the majority of the exhibits that the Government intends to introduce at trial.[1]

2.   Defendant's counsel was also made explicitly aware at that conference that the government intends to introduce evidence at trial concerning defendant's prior tax return filings and payments, or lack thereof, as well as his W-4 forms claiming total exemption from federal income tax for tax years 1985 to 1993. Additionally, defendant was made aware that the government intends to introduce evidence that since tax year 1995, defendant has failed to file any tax returns at all and continues to file W-4 forms claiming total exemption from federal income tax.  The Government intends to introduce this evidence to establish the element of "willfulness" for the three counts of tax evasion charged in the indictment.

3.   In *Cheek v. United States*, 498 U.S. 192, 202 the Supreme Court held that in order to establish the element of "willfulness" in the context of a criminal tax evasion charge the Government must prove that "the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."

---

[1] The defendant was made aware at that conference that additional documents from the Internal Revenue Service were still outstanding and, upon receipt, would be made available.  On June 2, 2000, those additional documents were photocopied and provided to defendant's counsel.

2. The *Cheek* court also recognized that in determining whether the Government has carried its burden to prove willfulness, a jury "would be free to consider any admissible evidence from any source showing that [a defendant] was aware of his duty to file a return and to treat wages as income, including evidence showing his awareness of the relevant provisions of the Code or regulations of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions that made it plain that wages should be returned as income." Id. at 202.

3. Indeed, given that proof of wilfulness usually must be accomplished by means of circumstantial evidence, the Second Circuit noted that "trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind... [n]o evidence which bears on the issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance." *United States v. Collorafi*, 876 F.2d 303, 305 (2nd Cir. 1988).

4. To this end, Circuit Courts have regularly upheld the admission of evidence that defendant failed to pay his income taxes for years both prior to and following the years named in the indictment, *See e.g., United States v.* Bok, 156 F.3d 157, 164 (2d Cir. 1998); *United States v. Ausmus*, Jr., 774 F.2d 722, 727 (6th

3

Cir. 1985); *United States v. Fingado*, 934 F.2d 1163, 1164 (10th Cir. 1991); *United States v. Mitchelson*, 51 F.3d 283 (9th Cir. 1995) (unpublished); *United States v. Karsky*, 610 F.2d 548, 550 (8th Cir. 1979).

    5.  In the case at bar, the defendant in 1992, received a notice of levy from the Internal Revenue Service advising him that his wages would be levied to satisfy taxes that he owed for tax years 1985, 1986, 1989 and 1990. This notice of levy was sent after defendant had been sent numerous notices and warnings from the IRS. His employer, the City of Hallandale complied with the levy and his wages were garnished until his debt to the IRS was paid in full.

    6.  In 1994, defendant, after receiving further notices and warnings from the IRS, was sent another notice of levy from the IRS for outstanding taxes due concerning tax year 1991. Once again, the City of Hallandale complied with the levy and his wages were garnished to satisfy his tax obligations.

    7.  In 1996, after defendant failed to file his tax returns for tax years 1992 and 1993 despite numerous notices from the IRS reminding him to do so, the IRS sent defendant another notice of levy. This time, however, defendant contacted the IRS and promised to pay his taxes due and owing for those years and set up a payment schedule with the IRS. Despite his promise, defendant failed to pay any of his tax liability and instead filed *en masse* his tax

4

returns for tax years 1992, 1993, 1994, 1995 declaring that he had no tax liability for any of those years.

8. Since tax year 1996 to the present, defendant has not filed any tax returns at all. Additionally, since beginning work with the City of Hallandale in 1989 up to the present, defendant has filed fraudulent W-4 forms claiming that he is completely exempt from withholding from federal income taxes. By so doing, defendant has evaded thousands of dollars in income taxes.

9. The government intends to introduce the evidence described in paragraphs 5-8 above to prove that the defendant was "on notice" that he had an obligation to file his income tax returns and pay his income taxes and therefore that he acted wilfully when he filed false W-4 forms and tax returns for the tax years 1993, 1994 and 1995.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
COURT ID No. A5500407
Tel:(954)356-7255; FAX: 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered this 5TH day of June, 2000 to Richard Moore, Esq.

                                    _____
                                    MATTHEW MENCHEL
                                    ASSISTANT UNITED STATES ATTORNEY