IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

UNITED STATES OF AMERICA,
Plaintiff,

vs.

Case No. 00-6029
CR-Zloch

MARK J. NEUROHR,
Defendant.

_____/

## **MOTION TO DISMISS**

COMES NOW the Accused MARK J. NEUROHR by and through his attorney and respectfully moves this Court to dismiss the instant action for want of subject matter jurisdiction upon the following grounds.

### **FACTS**

1.    On June 3, 2000, the United States District Court for the Southern District of Florida, Zloch, J. presiding and sitting as an Article III Court, ordered the Defendant to appear before the Court beginning on June 5, 2000 to defend against an Indictment charging him with violations of 26 USC §7201.

2.    Between the time that the Indictment was returned and this date, the Defendant was never formally arraigned by the trial Court in violation of F.R.Crim.P. 10 and the Fifth Amendment to the Constitution.



3.      Prior to or during his appearances on June 3rd and 5th, 2000, the trial Court never called upon the Defendant to enter a plea in open Court.

## LEGAL ARGUMENT

4.      The instant case must be dismissed as a mater of law on the following grounds.

5.      First, the Defendant's constitutional right to procedural and substantive due process have been violated by this Court commencing with trial having failed to first comply with the requirements that the accused be arraigned before the trial court in open.

6.      Between the time that the indictment was returned on February 01, 2000 and June 6, 2000, the Defendant was never formally arraigned by any court sitting under Article III as required by F.R.Crim.P. 10.

7.      Under federal law, an arraignment is *sine qua non* to the trial itself; an essential preliminary step of the proceeding in which the issues to be tried are formulated. *See Hamilton v. Alabama, 368 U.S. 52, 54, n. 4*

8.      The fact that the record shows that the Accused has not been formally arraigned not only violates F.R.Crim.P. 10 but also 28 USC §2072(b) because it has denied the Accused of his right to substantive due process guaranteed by Amendment V and VI to the Constitution.

An arraignment normally affords an opportunity of the accused to plead and is a condition precedent to a trial. *Fowler v. State. 155 Tex. Cr. R. 35, 230 S. W. 2d 810, N. J. Rules of Practice, Rule 8:4-2.*

The Supreme Court has long held that a formal arraignment is an absolute prerequisite and condition precedent to trial as stated in the case of *U.S. v. Crain*:

> "It is true that the constitution does not, in terms, declare that a person accused of crime cannot be tried until it be demanded of him that he plead, or unless he pleads, to the indictment. But it does forbid the deprivation of liberty without due process of law; and due process of law requires that the accused plead, or be ordered to plead, or, in a proper case, that a plea of not guilty be filed for him, before his trial can rightfully proceed; and the record of his conviction should show distinctly, and not by inference merely, that every step involved in due process of law, and essential to a valid trial, was taken in the trial court; **otherwise the judgment will be erroneous.**" (emphasis added).

*Crain v. U.S. 162 U.S. 625 at 645 (1896).*

> **"A verdict in a criminal case where there has been neither arraignment nor plea is a nullity, and no valid judgment can be rendered thereon."** (emphasis added).

*Id. at 625 at 641.*

> "And as the object of the arraignment is to obtain the plea, if the prisoner voluntarily makes it without, and it is accepted by the court, nothing more is required. **But without plea there can be no valid trial. Nor will the proceeding be rendered good by the fact that the defendant went to trial voluntarily and without objection, knowing there was no plea. It must be before the jury are sworn; afterwards the plea comes too late.'** 1 Bish. Cr. Proc. 733. 'There can be no trial on the merits without a plea of not guilty.' Id. 801." (emphasis added).

*Id. at 625 at 641.*

9.    Thus, a formal arraignment and plea are a necessary part of the proceeding **without which there can be no valid trial and judgment.** *See Crain v. U.S. 162 U.S. 625, 644.* (emphasis added).

> "Neither sound reason nor public policy justifies any departure from settled principles applicable to criminal proceedings…and safety lies in adhering to established modes of procedure devised for the security of life and liberty."

*See Crain at 644.*

10.    Since F.R.Crim.P. 10 operates as a requirement upon the trial Court, and does not vest the Defendant with any right that may be waived, the mandatory formal arraignment is not something which a Defendant may waive.

11.    It is only the reading of the Indictment, pursuant to a Defendant's Sixth Amendment's right to be informed of the nature and cause of the accusation that may be waived by a Defendant.

12.    Whatever record may show that the Accused had appeared before a Magistrate Judge, such proceedings were conducted before a Magistrate Court sitting under Article I, not under Article III and was governed by F.R.Crim.P. 5(c) which prohibits a Magistrate Judge from calling on an Accused to plea under an indictment because it can not exercise any judicial powers that flow from Article III of the Constitution.

13.    Thus, any proceedings that may have occurred before a Magistrate Court are immaterial to the instant proceedings before this Article III trial court and any reference to an arraignment is irrelevant.

14.    Without a formal arraignment of the Defendant, the Court is without jurisdiction to proceed with trial.

15.    As this is a motion to dismiss for want of jurisdiction, it is proper that it may as here be brought at any stage of the proceedings and is not limited to pre-trial motions.

### RELIEF REQUESTED

WHEREFORE, the Accused respectfully moves this Court to enter an order forthwith dismissing the instant action.

### CERTIFICATE OF SERVICE

I hereby certify that on this __6__ day of June 2000, a copy of the foregoing was delivered in hand in open court to the persons named below.

Respectfully submitted,

Richard A. Moore
RICHARD A. MOORE, P.A.
1 N.E. 2nd Avenue
Miami, Florida
Florida bar No.: 248894
Tel: 305-373-2336
Fax: 305-358-2503

### COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394