UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-6029-CR-ZLOCH
         00

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK J. NEUROHR.

    Defendant.
_____/

**O R D E R**

JUL 2 5 2000

THIS MATTER is before the Court upon the Defendant, Mark J. Neurohr's Motion For Redaction Of Payment Voucher Pursuant To 18 USC §3006(d)(4)(D) (DE 65). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

The Court notes that, as a general rule, amounts paid to counsel appointed pursuant to the provisions of the Criminal Justice Act must be disclosed to the public upon the court's approval of the payment. 18 U.S.C. § 3006A(d)(4)(A). The Court also notes, however, that there is an exception to this general rule for certain situations, such as where complete disclosure would jeopardize the defendant's sixth amendment right to effective assistance of counsel or defendant's counsel's work product privilege. 18 U.S.C. § 3006A(d)(4)(B) and (C).

Here, the Defendant asserts that un-redacted disclosure of his CJA attorney's payment voucher would jeopardize both his sixth amendment right to effective assistance of counsel and his CJA



attorney's work product privilege. The Court, however, is unable to ascertain how or why full disclosure would entail either of these risks as the Defendant has failed to offer any explanation in support of his assertions.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendant, Mark J. Neurohr's Motion For Redaction Of Payment Voucher Pursuant To 18 USC §3006(d)(4)(D) (DE 65) be and the same is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this _25th_ day of July, 2000.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Matthew Menchel, Esq.
For Plaintiff

Richard A. Moore, Esq.
For Defendant