UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6029-CR-ZLOCH

      Plaintiff,

vs.

MARK NEUROHR,

      Defendant.
_____/

### DEFENDANT'S REQUEST FOR STANDARD JURY INSTRUCTIONS

COMES NOW the Defendant, Mark Neurohr, by and through the undersigned attorney, and moves the Court to instruct the jury on the attached jury instructions.

WHEREFORE the Defendants prays that the Court instruct the jury on the attached jury instructions.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed and/or faxed and/or hand delivered on July 26, 2000, to:

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd. 7th floor
Fort Lauderdale, FL 33301

Matthew Menchel
Assistant United States Attorney
99 Northeast 4th Street, Suite 700
Miami, FL 33132

                        H. DOHN WILLIAMS JR. P.A.
                        721 N.E. 3rd Avenue
                        Fort Lauderdale, FL 33304
                        954-523-5432; 527-5565 (fax)

                    By: _____
                           H. Dohn Williams Jr.
                           Fla. Bar # 0166087

C:\clients\neurohr\juryinstruction.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK J. NEUROHR,

    Defendant.
_____/

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

    It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

    It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

As stated before, a Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

When knowledge of a technical subject matter might be helpful to the Jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

<u>TAX EVASION</u>
<u>GENERAL CHARGE</u>
26 U.S.C. § 7201

<u>AS TO ALL COUNTS</u>

Section 7201 of the Internal Revenue Code (26 USC 7201) makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the Defendant owed substantial income tax in addition to that declared in his tax return; and

<u>Second</u>: That the Defendant knowingly and willfully attempted to evade or defeat such tax.

The proof need not show the precise amount of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the Defendant had knowledge and an understanding that, during the particular tax year involved, he had income which was taxable, and which the Defendant was required by law to report; but that he nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which he knew he had during that year.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services. The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset. In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

On the other hand, the law does provide that funds acquired from certain sources are not subject to the income tax. The most common non-taxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds derived from the sale of an asset to the extent those funds equal the cost of the asset.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Intent and motive should not be confused. Motive is what prompts a person to act, while intent refers to the state of mind with which the act is done.

So, if you find beyond a reasonable doubt that the acts constituting the crime charged were committed by the Defendant voluntarily as an intentional violation of a known legal duty--that is, with specific intent to do something the law forbids--then the element of "willfulness" as defined in these instructions has been satisfied even though the Defendant may have believed that the conduct was religiously, politically or morally required, or that ultimate good would result from such conduct.

On the other hand, if you have a reasonable doubt as to whether the Defendant acted in good faith, sincerely believing himself to be exempt by the law from the withholding of income taxes, then the Defendant did not intentionally violate a known legal duty--that is, the Defendant did not act "willfully"--and that essential part of the offense would not be established.

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

Good faith is a complete defense to the charge in the Indictment since good faith on the part of the Defendant is inconsistent with the existence of willfulness which is an essential part of the charge. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged in the Indictment.

So, a Defendant would not be "willfully" doing wrong if, before taking any action with regard to the alleged offense, the Defendant consulted in good faith an attorney whom the Defendant considered competent, made a full and accurate report to that attorney of all material facts of which the Defendant had the means of knowledge, and then acted strictly in accordance with the advice given by that attorney.

Whether the Defendant acted in good faith for the purpose of seeking advice concerning questions about which the Defendant was in doubt, and whether the Defendant made a full and complete report to the attorney, and whether the Defendant acted strictly in accordance with the advice received, are all questions for you to determine.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.