UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

MARK NEUROHR,

          Defendant.
_____/

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
## ADMISSION OF TAX PROTESTOR BOOKS INTO EVIDENCE

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby moves this Court to exclude tax protestor books and pamphlets from admission into evidence at trial pursuant to Fed. R. Evid. 403. The admission of these quasi-legal materials poses an extreme risk that the jury may become confused concerning the governing law.

Based upon what occurred last trial, the Government believes that the defendant intends to introduce into evidence a series of books and pamphlets on which he claims to have relied in "good faith" in reaching his decision that his wages were exempt from federal income taxation (DE 67, at pgs. 12-13). Those books include the following: (1) Cornerstones of Freedom; (2) If You Are the Defendant; (3) IRS Humbug; (4) Biggest Tax Loophole of All; (5) Vultures in Eagles Clothing; (6) Good News for the American Income Tax Payer; (7) Good-Bye April 15th; (8) Best Kept Secret; (9) Free at Last from the IRS; and (10) The Federal Zone. Id. The defendant testified at the first trial that he read, reviewed, and studied the above-listed books in coming to his way of thinking (DE 67, p. 13). Passages in these books purport to explain the tax laws and how one might avoid federal

income tax.

Because the Government did not have sufficient time to review the material and the law on the admissibility of these publications in the first trial, it did not object to the admission of the books into evidence at that time (DE 67, p. 13).[1] However, after reviewing the substance of the materials, the government believes that the admission of the books would serve only to confuse the issues and mislead the jury. In addition, the material is cumulative as the defendant may testify about the materials and how they assisted in the formation of his beliefs.

Circuit courts addressing this issue have excluded quasi-legal materials in tax cases such as this because the probative value is substantially outweighed by the danger of confusion of the issues and/or misleading the jury. United States v. Payne, 978 F.2d 1177, 1181-83 (10th Cir. 1992), cert. denied, 508 U.S. 950 (1993); United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993); United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991), cert. denied, 503 U.S. 941 (1992); United States v. Malquist, 791 F.2d 1399, 1402 (9th Cir.), cert. denied, 479 U.S. 954 (1986). Similarly, although the Eleventh Circuit has not published a decision on this issue, it recently reached the same conclusion. See United States v. Ryan, Case No. 99-13872, pgs. 2-3 (unpublished decision, attached hereto)(11th Cir., July 10, 2000).

Defendant will no doubt assert that the admission of material into evidence is relevant to a "good faith" belief that he did not have to pay federal income tax. In Barnett, the Fifth Circuit upheld the district court's exclusion of similar quasi-legal material and concluded that allowing the defendant to testify about the contents of the material and the effect the information had in the formulation of

---

[1] One of the ten books, If You Are the Defendant, was produced to the Government the day before the defendant testified. The remaining nine books were produced to the Government moments before he began his testimony.

-2-

his beliefs was sufficient. in Id. at 1301 (citing Fed. R. Evid. 403). This is precisely the outcome that is appropriate in this case. The government believes the defendant is entitled to testify about the materials' impact on the formation of his beliefs, but under no circumstances should they be admitted into evidence where the jury could be confused about the state of the law or the issue before them.

First, the probative value of these books is substantially outweighed by the danger of confusion of the issues and misleading the jury. Fed. R. Evid. 403. As always, the law governing this case will be given by the Court in its final instructions to the jury. If the jurors are also provided books containing contrary interpretations of the tax laws and tax-related crimes which they can read during their deliberations, they are likely to become confused. Second, since the defendant will be permitted to testify as to the impact that the material had in forming his good faith belief that he is exempt from federal tax laws, admitting the books into evidence is a needless presentation of cumulative evidence.  Fed. R. Evid. 403.

WHEREFORE, the United State respectfully requests that the Court preclude the admission of the tax protestor books and pamphlets at trial.

> Respectfully submitted,
>
> Guy A. Lewis
> United States Attorney
>
> By: _[signature]_
> Matthew Menchel, Court No. A5500407
> Kirk Ogrosky, Court No. A5500479
> Assistant United States Attorneys
> 99 N.E. 4th Street
> Miami, Florida 33132-2111
> (305) 961-9401
> fax (305) 536-4101

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Government's Motion *in Limine* to Exclude Admission of Tax Protestor Treatises and Books Into Evidence was hand-delivered this 28th day of July, 2000, to H. Dohn Williams, Esq., 721 NE 3d Ave., Ft. Lauderdale, FL 33302.

By: _____
Matthew Menchel
Assistant United States Attorney

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 99-13872
Non-Argument Calendar

D. C. Docket No. 98-06201-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 1 0 2000

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY P. RYAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(July 10, 2000)

Before ANDERSON, Chief Judge, COX and DUBINA, Circuit Judges.

PER CURIAM:

Timothy P. Ryan appeals his convictions and sentence for tax evasion in violation of 26 U.S.C. § 7201. On appeal, Ryan raises three contentions of error: (1) the district court refused to admit into evidence the materials upon which he relied in refusing to pay his taxes; (2) the district court miscalculated the tax loss attributable to him under U.S.S.G. § 2T1.1 by including amounts that were not charged in the indictment; and (3) the evidence did not support the jury's verdict.

We review the district court's evidentiary ruling for abuse of discretion, *see Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997), its interpretation of the sentencing guidelines de novo, *see United States v. Hunerlach*, 197 F.3d 1059, 1069 (11th Cir. 1999), and its findings of fact for clear error, *see United States v. Miller*, 166 F.3d 1153, 1155 (11th Cir. 1999). We address the sufficiency of the evidence de novo, but view the evidence in the light most favorable to the Government. *See Hunderlach*, 197 F.3d at 1068. Upon review of the record and the parties' briefs under the appropriate standards, we conclude that no reversible error occurred.

Ryan first argues that the district court abused its discretion by excluding evidence in support of his defense of good faith. Ryan contends that the district court should have permitted the introduction of certain books and tapes that Ryan relied on to conclude that his wages were exempt from income tax. The Government responds that the district court permitted Ryan to present his defense by allowing Ryan and

2

Ryan's witness to testify regarding their beliefs that wages were exempt from federal income taxation. The Government argues, furthermore, that admission of the quasi-legal, inflammatory materials written by Ryan's witness could have confused the jury; accordingly, they were properly excluded. Our review of the record reveals that the district court permitted extensive testimony regarding Ryan's alleged good faith belief that he did not have to pay income tax. Therefore, we conclude that the district court acted within its discretion when it excluded the materials.

Second, Ryan contends that, in calculating his base offense level, the district court erred by including taxes owed for years not included in the indictment. The Government responds that the district court properly included the additional amounts because they were part of the same course of conduct by Ryan. The Sentencing Guidelines commentary instructs that "[i]n determining the total tax loss attributable to the offense . . . all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, comment. (n.2). This is in accordance with U.S.S.G. § 1B1.3(a)(2) that requires consideration of all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). We conclude that the district court did not clearly err in calculating the tax loss for sentencing because the amounts

included in calculating the tax loss attributable to Ryan were part of a continuing pattern of violations of the tax laws that constituted the same course of criminal conduct as the offense of conviction.

Finally, Ryan argues that the district court erred by denying his motion for acquittal. After reviewing the trial transcript, we conclude that the Government presented sufficient evidence to support Ryan's convictions.

AFFIRMED.