UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK NEUROHR,

    Defendant.

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS RE: LESSER INCLUDED OFFENSES

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its Response to Defendant's Request for Jury Instructions regarding Lesser-included Offenses in support thereof states:

1. Defendant is requesting that the Court submit to the jury the lesser-included felony of filing a false income tax return (26 U.S.C. §7206), and the lesser-included misdemeanor of failure to file an income tax return (26 U.S.C. §7203). Defendant offers no support for the submission of these charges other than the mere fact that §§ 7206 and 7203 are lesser-included crimes of a §7201 tax evasion offense. That fact, by itself, does not entitle defendant to the submission of these lesser-included offenses to the jury. The United States Supreme Court has held that when a jury cannot rationally acquit the defendant of the greater crime and convict him of the lesser-included one, the lesser-included offense should not be submitted to the jury. Sansone v. United

States, 380 U.S. 343, 349-350 (1965). The rationale for this principle is that when there is no distinction in a given case between the factual elements of both crimes, "to instruct on both offenses 'would only invite the jury to pick between the [greater and lesser] so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge.'" United States v. Harary, 457 F.2d 471, 478 (quoting Sansone, supra, 380 U.S. at 350 n.6).

2. In Sansone, the defendant was charged with a §7201 offense. He requested the submission of the lesser-included offenses of §§ 7203 and 7207. The Supreme Court upheld the district court's denial of both of the requested offenses finding that "there was no disputed issue of fact concerning the existence of an element required for conviction of §7201 but not required for conviction of the [lesser offenses]." Id. at 353. The court observed, "if his action was not willful, he was guilty of violating neither [the charged offense nor the lesser offenses]." Id. Therefore, the Court concluded that the defendant was not entitled to either of the lesser-included offense instructions. This is precisely the outcome that is appropriate in this case.

3. Applying the Sansone analysis to the facts in the case demonstrates why the lesser-included instructions are inappropriate. The charged offense of §7201 requires: (1) wilfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. at 351 (1965). The lesser-included offense of §7206(1) requires: (1) wilfulness; and (2) the making and subscribing of a tax return that is false in a material matter. See United States v. Hedman, 630 F.2d 1184, 1196 (7th Cir.1980), cert. denied, 450 U.S. 965, (1981). In this case, the defendant's filing of false tax returns were affirmative acts that resulted in tax deficiencies for the years charged in the indictment. Based upon the evidence that will be presented at trial, a jury could not

2

simultaneously find that defendant's false income tax returns were willful in the sense that he knew he had a tax liability and yet only find him guilty of a §7206 offense and not the greater §7201 offense. Thus, a jury should not receive the lesser-included offense of §7206.

    4. For the same reason, defendant's request for a §7203 instruction should also be denied. A §7203 offense requires: (1) wilfulness; and (2) the omission of the required act e.g., file return or the payment of tax when due.[1] Sansone 380 U.S. at 351. The difference between a § 7203 offense and a §7201 offense is that the "the latter felony involves some willful commission in addition to the willful omissions that make up the list of misdemeanors." Id. Once again, the Supreme Court's analysis in Sansone applies with equal vigor:

> Where there is, in a §7201 prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the §7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on §7203. In this case, however, it is undisputed that [defendant] filed a tax return and the [defendant's] filing of a false tax return constituted a sufficient affirmative commission to satisfy that requirement of §7201. The only issue at trial what whether [defendant's] act was willful. Given this affirmative commission and the conceded tax deficiency, if [defendant's] act was willful, .... he was guilty of violating both §§7201 and 7203. If his act was not willful, he was not guilty of violating either §7201 or §7203. This being so, ... it is clear that [defendant] was not entitled to a lesser-included offense charge based on §7203.
> Sansone, 380 U.S. at 351, 352 (citations omitted).

In this case, as in Sansone, there is no dispute that defendant filed his tax returns claiming zero tax liability and that he had a tax deficiency; the only issue is whether his actions were committed willfully. As such, defendant is either guilty of both offenses or guilty of neither. Therefore, defendant is not entitled to the submission of the lesser-included offense of §7203.

---

[1] Defendant is suggesting that the appropriate part of 7203 is the failure to file an income tax return rather than the failure to pay tax when due. The Government's proof is not that the defendant did not file tax returns for the tax years charged in the indictment, but that he did file tax returns, albeit late, and that those returns were materially false.

WHEREFORE, the United States respectfully requests that the Court deny defendant's request for the submission of lesser-included offenses.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY
COURT ID NO. A5500407

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by mail this 3${}^{rd}$ day of August 2000 to: to H. Dohn Williams, Esq., 721 NE 3d Ave., Ft. Lauderdale, FL 33302.

MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY