UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK NEUROHR,

    Defendant.
_____/

GOVERNMENT'S PROPOSED
DELIBERATE IGNORANCE INSTRUCTION

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States of America respectfully requests that the attached deliberate ignorance instruction be given at trial in the above styled cause. Based on the evidence presented at trial, such instruction has become appropriate.

    Respectfully submitted,

    GUY A. LEWIS
    United States Attorney

By: _____
    MATTHEW MENCHEL
    Court No. A5500407
    KIRK OGROSKY
    Court No. A5500479
    Assistant United States Attorneys
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    (305) 961-9401
    fax (305) 536-4101

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Government's Proposed Deliberate Ignorance Instruction was hand-delivered this $\underline{9^{th}}$ day of August, 2000, to H. Dohn Williams, 721 NE 3d Ave., Ft. Lauderdale, FL 33302.

By: _____
Assistant United States Attorney

### Deliberate Ignorance

When intentionally violating a known legal duty - - that is,"willfulness" - - is an essential part of an offense, such willfulness may be established or satisfied by inferences drawn from proof that a Defendant deliberately closed his eyes to what would otherwise have been obvious to him.

So, with respect to the issue of the Defendant's willfulness in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant deliberately and consciously closed his eyes to the fact that he was required to pay federal income tax in order to be able to say that he had a good faith and sincere belief that he was exempt by the law from the withholding of income tax, you may treat such deliberate ignorance as willfulness.

In other words, you may find that the Defendant acted "willfully" if you find beyond a reasonable doubt either: (1) that the Defendant intentionally violated a known legal duty; or (2) that the Defendant deliberately closed his eyes to what would have otherwise been obvious to him.

I must emphasize, however, that the requisite proof of willfulness on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

### Modified 11th Cir. Pattern - Special Instruction 8

United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993)("deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth), cert. denied, 115 S. Ct. 111 (1994); see also United States v. Rivera, 944 F.2d 1563, 1570-72 (11th Cir. 1991)(describing circumstances in which deliberate ignorance instruction is appropriate).

United States v. Wisenbaker, 14 F.3d 1022, 1027 (5th Cir. 1994)(In this tax evasion case, the court held that "[a] deliberate ignorance instruction is 'properly given only when [the] defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference").

United States v. Fingado, 934 F.2d 1163, 1166 (10th Cir.)(a deliberate ignorance instruction in a tax evasion case is appropriate where the record supports that the defendant was aware of a "high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge of his obligations"), cert. denied, 502 U.S. 916 (1991).