UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARK NEUROHR,

        Defendant.
_____/

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DELIBERATE IGNORANCE INSTRUCTION

The United States of America, by and through its undersigned Assistant United States Attorneys, respectfully requests that this Court give a deliberate ignorance instruction at the trial of the above styled cause.

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government has tendered to this Court a deliberate ignorance instruction based on the Eleventh Circuit Pattern Special Instruction 8. The modifications made to that pattern instruction are based on Fifth, Seventh, Eighth and Tenth Circuit opinions addressing deliberate ignorance instructions given in tax evasion cases. United States v. Wisenbaker, 14 F.3d 1022, 1027 (5th Cir. 1994); United States v. Fingado, 934 F.2d 1163, 1166 (10th Cir.), cert. denied, 502 U.S. 916 (1991); United States v. Bussey, 942 F.2d 1241, 1245-51 (8th Cir. 1991), cert. denied, 504 U.S. 908 (1992); United States v. Hauert, 40 F.3d 197, 202 (7th Cir. 1994), cert. denied, 514 U.S. 1095 (1995).

The Tenth Circuit in Fingado held that a deliberate ignorance instruction is appropriate where the record supports the fact that the defendant was aware of a "high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge



of his obligations." Id. at 1166. This is precisely the issue in this case. Fingado, much like Defendant Neurohr, testified that he honestly believed he was not required to file tax returns. Id. Further, Fingado based his belief on "speaking with others" and materials he received at "seminars on tax avoidance," newspaper articles, and several books (which the district court did not allow the jury to review). Id. at 1165-67. The district court gave the following deliberate ignorance instruction:

> The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.
> It is entirely up to you as to whether you find any deliberate closing of eyes, and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.
> The required knowledge is established if the accused is aware of a high probability of the existence of the fact in question unless he actually believes it does not exist.

Id. Recognizing that true ignorance of the law is only a defense where that ignorance is not deliberate, the Tenth Circuit held that the instruction "treat[ed] the issues fairly and adequately." Id. at 1167 (citations omitted). Further, the Eighth Circuit affirmed the same instruction as that used by the district court in Fingado. Bussey, 942 F.2d at 1245-51.

In Wisenbaker, the Fifth Circuit held that "[a] deliberate ignorance instruction is 'properly given only when [the] defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference." 14 F.3d at 1027 (citations omitted). Although Wisenbaker did not testify at trial, the core of his defense was "his contention that he lacked the necessary willful mental state." Id. Based on this, the district court gave the following deliberate ignorance

instruction:

> The fact of knowledge or willfulness may be established by direct or circumstantial evidence. The element of knowledge or willfulness may be satisfied by inferences drawn from proof that a defendant closed his eyes to or acted in deliberate ignorance of what would otherwise have been obvious to him. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

Id. Much like the other circuits addressing the issue, the Fifth Circuit found this instruction "appropriate." Id.

Based on the evidence presented in this trial, a deliberate ignorance instruction is required to assist the jury in understanding the law. The government has modified the Eleventh Circuit Pattern Special Instruction eight based on the language approved by the Fifth, Eighth and Tenth Circuit opinions discussed above. The tendered instruction clearly and expressly informs the jury on the law of deliberate ignorance.

WHEREFORE, the United States respectfully requests that the tendered deliberate ignorance instruction be given at trial in the above styled cause.

Respectfully submitted,

GUY A. LEWIS
United States Attorney

By: _____
MATTHEW MENCHEL
Court No. A5500407
KIRK OGROSKY
Court No. A5500479
Assistant United States Attorneys
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9401
fax (305) 536-4101

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing Government's Memorandum of Law in Support of its Proposed Deliberate Ignorance Instruction was hand-delivered this 9th day of August, 2000, to H. Dohn Williams, 721 NE 3d Ave., Ft. Lauderdale, FL 33302.

By: _____
Assistant United States Attorney