UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AUG 9 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

CASE NO. 00-6029-CR-ZLOCH

Plaintiff,

vs.

MARK NEUROHR,

Defendant.
_____/

## MOTION FOR JUDGMENT OF ACQUITTAL RE: COUNTS 2 AND 3

COMES NOW the Defendant, Mark Neurohr, by and through the undersigned attorney, pursuant to Rule 29, and moves the Court for a judgment of acquittal as to counts 2 and 3, wherein he is charged with income tax evasion for the tax years 1994 and 1995.

### LEGAL ARGUMENT

In counts 2 and 3, the Defendant is charged with income tax evasion, in violation of § 26 U.S.C. 7201. According to the jury instructions, the government must prove that the Defendant received taxable income, that he owed substantial income tax, and that he knowingly and willfully attempted to evade or defeat such tax. The government bears the burden of proof. Whether a taxpayer is charged with income tax evasion by willfully attempting to defeat the IRS's ascertainment of his tax liability, or by willfully attempting to evade the payment of his income taxes, the government must prove that the income tax was in fact "imposed by this title," in other words a tax deficiency. See *United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984)*. In contrast, a taxpayer can be convicted of the misdemeanor of willfully failing to file an income tax return without proof that any tax was assessed or owing. See *26 U.S.C. § 7303; United States v. Richards, 723 F.2d 646 (8th Cir. 1983)*.



To convict the Defendant of income tax evasion, the government must prove that a substantial income tax was "assessed," that the income tax was owed, that the Defendant knew he owed a substantial income tax, and that the Defendant attempted to evade payment of the tax. **The Defendant asserts that the government's proof that an income tax was "assessed" was legally insufficient, such that a judgment of acquittal must be granted.** The government introduced IRS Form 4340 as proof that income taxes were "assessed" and owed for the tax years 1994 and 1995. **The 4340 forms were <u>legally insufficient</u> to prove that an income tax was assessed and owed for the tax years 1994 and 1995.** Attached hereto and incorporated herein are copies of the government's 4340 forms for the tax years 1994 and 1995. (emphasis added)

"Assessment" is a prescribed procedure for officially recording the amount of a taxpayer's administratively determined tax liability. *Rambo v. United States, 492 F.2d 1060, 1061 n.1 (6th Cir. 1974),* citing *Cohen v. Gross, 316 F.2d 521, 522 (3rd Cir. 1963).* The term "assessment" has a technical meaning spelled out in the Internal Revenue Code and that meaning is binding on the federal courts and the government as well. *C & R Investments, Inc. v. United States, 267 F. Supp. 932, 937 (D. Kan. 1967)* (citing *United States v. Miller, 318 F.2d 637, 638-39 (7th Cir. 1963)),* rev'd on other grounds, *404 F.2d 314 (10th Cir. 1968).* The meaning of the term " assessment" contemplates the recordation by the Internal Revenue Service of the liability of a taxpayer or the determination of the amount due as tax. *Ibid.* The "assessment" is the IRS' determination that the taxpayer owes income tax to the government.

The procedure for making an income tax assessment is as follows. The IRS must first mail a notice of deficiency to the taxpayer by certified or registered mail. See *26 U.S.C. § 6212(a).* Once this notice has been mailed, the taxpayer has ninety (90) days in which to file a

2

petition in the Tax Court. See *26 U.S.C. § 6213(a)*. Until the ninety (90) days have passed, the IRS cannot make an assessment. See *Holof v. Commissioner, 872 F.2d 50, 53 (3d Cir. 1989)*. If the taxpayer does not file a petition in the Tax Court within the specified time, the IRS makes an assessment. *26 U.S.C. § 6213(c)*.

An assessment is made by recording the liability of the taxpayer in the office of the Treasury Secretary in accordance with the rules and regulations established by the Secretary of the Treasury. *26 U.S.C. § 6203*. The Internal Revenue Code provides the manner of making an assessment as follows:

> Method of Assessment -- the assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment. *26 U.S.C. 6203(a)*.

Detailed procedures for making an assessment are provided in *Treasury Regulation § 301.6203-1*, which states that:

> **The assessment shall be made by an assessment officer[1] signing the summary record of assessment.** The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of assessment...The date of the assessment is the date the summary record is signed by an assessment officer. (emphasis added)
>
> **"The assessment officer signs a <u>form 23-C</u>, Assessment Certificate, and this record, through supporting material, provides identification of the taxpayer by name and number,**

---

[1] The District Director shall appoint one or more assessment officers. The appointment of an assessment officer is made by a delegation order and should be given to a position no lower than a Branch Chief. *Internal Revenue Regulation No. 301.6203*. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period if applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. *Treas. Reg. § 301.6203-1 (1955)*.

3

**the taxable period, the nature of the tax and the amount assessed."** *Internal Revenue Manual 5312 (1) MT5300-1 (11/15/85).* The IRS makes assessments by having a duly designated official from the district office or the regional tax center, known as an assessment officer, fill out and sign a 'summary record of assessment,' also known as a Form 23C. The Form 23C identifies the taxpayer, the type of tax owed, the taxable period, and the amount of the assessment. Attached hereto and incorporated herein is a sample of the Form 23C. (emphasis added)

As proof the IRS determined a tax deficiency and made an assessment, as required by law, the government did <u>not</u> introduce the Form 23C. The Form 23C is the actual assessment form and is the best evidence of the assessment. Instead the government introduced a Form 4340 for the tax years 1994 and 1995. (emphasis added)

The Eleventh Circuit has already considered the introduction of a Form 4340, instead of the Form 23C, as proof of an assessment. In *United States v. Dixon, 672 F. Supp. 503 (M.D. Ala. 1987)* per curiam affirmed, *849 F.2d 1478 (11th Cir. 1988)*, the Court held that the government's failure to introduce the Form 23C was not fatal error, because it introduced a Form 4340 that reflected a "23C Date." The "23C Date" on a Form 4340 indicates the date on which the Form 23C was signed, the date of the assessment, and provides evidence that the tax was actually assessed. The Eleventh Circuit re-affirmed this holding in *United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989)*. Courts have held that a Form 4340 is adequate to prove a valid assessment, **<u>if</u> it lists the "23C Date," indicating the date on which the actual assessment was made.** *Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir.)* cert. denied, *121 L.Ed.2d 191, 113 S.Ct. 261 (1992).* (emphasis added)

4

In our case, the Form 4340 for 1994 and 1995 do <u>not</u> list a "23C Date." The Form 4340 for 1994 and 1995 do not contain the date on which the Form 23C was signed, the date of the assessment, or provide any proof the tax was actually assessed. Thus, as required by law, the government has failed to prove an income tax assessment was made and the amount of the assessment. Given this failure of proof, this Court must grant a judgment of acquittal as to counts 2 and 3 of the Indictment. (emphasis added)

### CONCLUSION

The Defendant has raised a technical defense. Criminal tax prosecutions are technical cases. The procedures set forth in the Internal Revenue Code and the case law construing them are prescribed for the protection of both the government and the taxpayer, who becomes a criminal defendant. The government's failure to introduce a Form 23C, or a Form 4340 containing a "Form 23C Date" is fatal error. This Court must grant a judgment of acquittal as to these counts, because the government failed to prove an income tax was "accessed" as required by law.

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed and/or faxed and/or hand delivered on August ____, 2000, to:

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd. 7th floor
Fort Lauderdale, FL 33301

> H. DOHN WILLIAMS JR. P.A.
> 721 N.E. 3rd Avenue
> Fort Lauderdale, FL 33304
> 954-523-5432; 527-5565 (fax)
>
> By: _____
> H. Dohn Williams Jr.
> Fla. Bar # 0166087

C:\clients\neurohr\acquittal.1

# United States  of America

**Department of the Treasury**
**Internal Revenue Service**

Date: May 19, 2000

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments, is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.

All assessments, penalties, interest, abatements, credits and refunds relating thereto as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts and other accounting records established and maintained by the Internal Revenue Service pursuant to the authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records consisting of     two    page(s) under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Marsha A. Overholser*

Chief, Criminal Investigation Branch
Internal Revenue Service Center
Southeast Region, Atlanta, Georgia

Catalog Number 19002E    *U S GPO 1997-417-690/61741    Form **2866** (Rev. 09-97)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS          Page: 1

MARK J NEUROHR                850 NE 20TH DR                EIN/SSN: 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

                              FT LAUDERDALE FL 33305

FORM: 1040                    TAX PERIOD: 199412

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT | CREDIT | 23c DATE |
|---|---|---|---|---|
|  | NO RECORD OF RETURN FILED BY TAXPAYER |  |  |  |
| 11/22/1996 | AMENDED RETURN |  |  |  |
| 03/18/1996 | DELINQUENCY INQUIRY |  |  |  |
| 04/08/1996 | DELINQUENCY INQUIRY |  |  |  |
| 04/22/1996 | TAXPAYER DELINQUENCY INVESTIGATION |  |  |  |
|  | BALANCE |  | .00 |  |

Form 4340 (Rev. 11-99)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS          Page: 2

---

```
MARK J NEUROHR              850 NE 20TH DR              EIN/SSN: 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

                            FT LAUDERDALE FL 33305

FORM: 1040                  TAX PERIOD: 199412
```

---

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advanced or unidentified payments, and the assessed balance relating thereto as disclosed by the records of this office as of the date of this certification, are shown therein. I further certify that the other specified matters set forth in this transcript appear in the official record of the Internal Revenue Service.

---

Signature of Certifying Officer: _Marsha L. Overholser_ (signature)

Print Name: _____Marsha L. Overholser_____

Title: _____Chief, Criminal Investigation Branch_____

Local Delegation Order: _____81_____


Location: Internal Revenue Service
          Southeast Region                           Date: 05/19/2000

---

# United States  of America

**Department of the Treasury**
**Internal Revenue Service**

Date: May 19, 2000

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments, is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.

All assessments, penalties, interest, abatements, credits and refunds relating thereto as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts and other accounting records established and maintained by the Internal Revenue Service pursuant to the authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records consisting of     two     page(s) under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Marsha D. Nicholson*

Chief, Criminal Investigation Branch
Internal Revenue Service Center
Southeast Region, Atlanta, Georgia

Catalog Number 19002E     ∗U.S. GPO 1997-417-690/61741     Form **2866** (Rev 09-97)

```
                CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS         Page: 1
-------------------------------------------------------------------------------------------------

         MARK J NEUROHR               850 NE 20TH DR              EIN/SSN: 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

                                      FT LAUDERDALE FL 33305


         FORM: 1040              TAX PERIOD: 199512

=================================================================================================
DATE       EXPLANATION OF TRANSACTIONS         ASSESSMENT         CREDIT         23c DATE
=================================================================================================



-------------------------------------------------------------------------------------------------
         NO RECORD OF RETURN FILED BY
         TAXPAYER
-------------------------------------------------------------------------------------------------
11/22/1996  AMENDED RETURN

            07277-557-02289-7
-------------------------------------------------------------------------------------------------



-------------------------------------------------------------------------------------------------
         BALANCE                                                  .00
-------------------------------------------------------------------------------------------------
```

Form 4340(Rev. 11-99)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS         Page: 2

MARK J NEUROHR               850 NE 20TH DR              EIN/SSN: 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
                             FT LAUDERDALE FL 33305

FORM: 1040                   TAX PERIOD: 199512

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advanced or unidentified payments, and the assessed balance relating thereto as disclosed by the records of this office as of the date of this certification, are shown therein. I further certify that the other specified matters set forth in this transcript appear in the official record of the Internal Revenue Service.

Signature of Certifying Officer: _Marsha L. Overholser_

Print Name:  Marsha L. Overholser

Title:       Chief, Criminal Investigation Branch

Local Delegation Order:  81

Location: Internal Revenue Service
          Southeast Region                           Date: 05/19/2000

Form 4340 (Rev. 11-99)

