FILED by    D.C.
AUG 9 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        CASE NO. 00-6029-CR-ZLOCH

    Plaintiff,

vs.

MARK NEUROHR,

    Defendant.
_____/

## MOTION FOR JUDGMENT OF ACQUITTAL RE: COUNT 1

COMES NOW the Defendant, Mark Neurohr, by and through the undersigned attorney, pursuant to Rule 29, and moves the Court for a judgment of acquittal as to count 1, wherein he is charged with income tax evasion for the tax year 1993.

## LEGAL ARGUMENT

In count 1, the Defendant is charged with income tax evasion, in violation of § 26 U.S.C. 7201. According to the jury instructions, the government must prove that the Defendant received taxable income, that he owed substantial income tax, and that he knowingly and willfully attempted to evade or defeat such tax. The government bears the burden of proof. Whether a taxpayer is charged with income tax evasion by willfully attempting to defeat the IRS's ascertainment of his tax liability, or by willfully attempting to evade the payment of his income taxes, the government must prove that the income tax was in fact "imposed by this title," in other words a tax deficiency. See *United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984)*. In contrast, a taxpayer can be convicted of the misdemeanor of willfully failing to file an income tax return without proof that any tax was assessed or owing. See *26 U.S.C. § 7303; United States v. Richards, 723 F.2d 646 (8th Cir. 1983)*.

79

To convict the Defendant of income tax evasion, the government must prove that a substantial income tax was "assessed," that the income tax was owed, that the Defendant knew he owed a substantial income tax, and that the Defendant attempted to evade payment of the tax. **The Defendant asserts that the government's proof that he was "assessed" an income tax, and "notified" of the assessment was insufficient.** (emphasis added)

"Assessment" is a prescribed procedure for officially recording the amount of a taxpayer's (administratively determined) tax liability. *Rambo v. United States, 492 F.2d 1060, 1061 n.1 (6th Cir. 1974),* citing *Cohen v. Gross, 316 F.2d 521, 522 (3rd Cir. 1963).* The term "assessment" has a technical meaning spelled out in the Internal Revenue Code and that meaning is binding on the federal courts and the government as well. *C & R Investments, Inc. v. United States, 267 F. Supp. 932, 937 (D. Kan. 1967)* (citing *United States v. Miller, 318 F.2d 637, 638-39 (7th Cir. 1963)),* rev'd on other grounds, *404 F.2d 314 (10th Cir. 1968).* The meaning of the term "assessment" contemplates the recordation by the Internal Revenue Service of the liability of a taxpayer or the determination of the amount due as tax. *Ibid.* The "assessment" is the IRS's determination that the taxpayer owes income taxes to the government.

The procedure for making an income tax assessment is as follows. The IRS must first mail a notice of deficiency to the taxpayer by certified or registered mail. See *26 U.S.C. § 6212(a).* Once this notice has been mailed, the taxpayer has ninety (90) days in which to file a petition in the Tax Court. See *26 U.S.C. § 6213(a).* Until the ninety (90) days have passed, the IRS cannot make an assessment. See *Holof v. Commissioner, 872 F.2d 50, 53 (3d Cir. 1989).* If the taxpayer does not file a petition in the Tax Court within the specified time, the IRS makes an "assessment". *26 U.S.C. § 6213(c).*

An "assessment" is made by recording the liability of the taxpayer in the office of the Treasury Secretary in accordance with the rules and regulations established by the Secretary of the Treasury. *26 U.S.C. § 6203*. The Internal Revenue Code provides the manner of making an assessment as follows:

> Method of Assessment -- the assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment. *26 U.S.C. 6203(a)*.

Detailed procedures for making an assessment are provided in *Treasury Regulation § 301.6203-1*, which states that:

> The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of assessment...The date of the assessment is the date the summary record is signed by an assessment officer. (emphasis added)

**The IRS makes assessments by having a duly designated official from the district office or the regional tax center, known as an "assessment officer," fill out and sign a "summary record of assessment" also known as a Form 23C.** The Form 23C identifies the taxpayer, the type of tax owed, the taxable period, and the amount of the assessment. (emphasis added)

**As soon as practicable and within sixty (60) days after making the assessment, the IRS must issue a "notice and demand" letter to the taxpayer, specifying the amount due and demanding payment.** See *26 U.S.C. §6303(a)*. If the taxpayer does not pay after demand, the IRS may file a lien against his or her property. See *26 U.S.C. §6321*. **Notice is "the pivotal feature of the Code's assessment procedures,"** *Holof v. Commissioner, 872 F.2d 50, 53 (3rd Cir. 1989)* **because it serves as a prerequisite to a valid assessment by the IRS.** However, Section 6303 does not prescribe any particular form of notice. The Treasury Regulations which

3

implement this section merely reiterate the statutory language that the notice shall state the amount of the tax and demand payment thereof. See *26 C.F.R.. §301.6303-1(a); Planned Investments, Inc. v. United States, 881 F.2d 340, 344 (6th Cir. 1989)*. (emphasis added)

In our case, the government introduced a Form 4340 that reflected a "23C Date" of April 3, 1995. Normally, a signed Form 4340 (certificate of assessment) that reflects a "23C Date" is sufficient proof that a Form 23C (summary record of assessment for a particular date) was signed on that date; thus, it is not necessary to introduce into evidence the actual Form 23C. However, if there is a reason to doubt the accuracy of the Form 4340, then the Form 23C must be introduced into evidence. **In our case, the Form 4340 reflects that the tax deficiency was "assessed" on April 3, 1995; however, the government's custodian of records testified the tax deficiency was "assessed" on June 10, 1996.** In other words, the government's custodian of records, interpreting the transcript of account testified the tax deficiency was "assessed" 14 months after the "23C Date" on the Form 4340 (i.e. April 3, 1995 versus June 10, 1996).

In *Brafman v. United States, 384 F.2d 863 (5th Cir. 1967)*, the government did not introduce the Form 23C to prove the date of assessment. Instead, it introduced a certified copy of a certificate of assessment, like the government did in our case. The taxpayer questioned the date of the assessment. The Fifth Circuit in ruling in favor of the taxpayer wrote:

> It appears to us that the requirement of the applicable Treasury Regulation -- that an assessment officer sign the assessment certificate -- is consistent with the literally mechanical procedures for recording of liability. The recordation is to be accomplished through "machine operations", but the actual and final assessment step, that step which establishes a prima facie case of taxpayer liability, can be taken only with the approval of a responsible officer of the Internal Revenue Service. The Government may want to postpone assessment in certain cases because of the limitations on collection and lien perfection that begin to run at the time of assessment. **This might be accomplished, after the computers have run their course, only by the assessment officer refusing to sign the already prepared certificate. What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer.**

4

**That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate.** (emphasis added)

The Fifth Circuit recognized that there might be a computer recorded assessment date, but that the assessment might not be effective, because the Form 23C it was not signed by the assessment officer. The Court reasoned that the government might intentionally refuse to sign the Form 23C to extend the statute of limitations – "The Government may want to postpone assessment in certain cases because of the limitations on collection and lien perfection that begin to run at the time of assessment."

While the Form 4340 reflects as "23C Date", it does not reflect that the Defendant was "notified" within 60 days of the "23C Date." The Form 4340 reflects that the Defendant was sent notification on June 10, 1996, over 400 days after the "23C Date." Given that the government's custodian of records testified that the tax deficiency was "assessed" on June 10, 1996 and that the Defendant was sent a notice of June 10, 1996, there is reason to believe that June 10th was the "23C Date." June 10th would seem to be the logical date, because the IRS would not wait over 400 days to send out the notice. The government's witness testified once an "assessment" is made the computer system generates "notices" on a regular recurring basis. In this case, the transcript of account says the first notice, without specifying what it said, was sent out over 400 days after the Form "23C Date." Given that notices are sent out on a regular, timed basis after an "assessment" is made, this raises a doubt about the fidelity of the "23C Date. In order for the government to prove beyond a reasonable doubt the true "23C Date," it needed to introduce the actual Form 23C.

The law requires that the taxpayer be given "notice" within 60 days of the 23C Date." In our case, the notice was sent out over 400 days after the "23C Date." If the government argues

that the Form 4340 is accurate regarding the "23C Date," then the Defendant did not get proper, timely notice of the assessment.

Introduction of the actual Form 23C was necessary for two reasons. First, it would establish if and when it was actually signed by the assessment officer. The actual signing date (effective date of the assessment) would reveal when the 60-day period for notification began to run; it would establish whether the Defendant was properly notified within 60 days as required by law. As the evidence presently stands, the Defendant received notification over 400 days after the "23C Date," instead of within 60 days as required by law. Given the irregularities in the Form 4340 and the transcript of account, the failure to introduce the Form 23C was fatal error.

## **CONCLUSION**

The Defendant has raised a technical defense. Criminal tax prosecutions are technical cases. The procedures set forth in the Internal Revenue Code and the case law construing them are prescribed for the protection of both the government and the taxpayer, who becomes a criminal defendant. This Court must grant a judgment of acquittal, because of the insufficiency of the government's proof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed and/or faxed and/or hand delivered on ~~July 26, 2000~~ Aug, to:

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd. 7th floor
Fort Lauderdale, FL 33301

                        H. DOHN WILLIAMS JR. P.A.
                        721 N.E. 3rd Avenue
                        Fort Lauderdale, FL 33304
                        954-523-5432; 527-5565 (fax)

By: _____
                        H. Dohn Williams Jr.
                        Fla. Bar # 0166087

C:\clients\neurohr\acquittal.2

# United States  of America

**Department of the Treasury**
**Internal Revenue Service**

_____                                   Date: May 19, 2000

### CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments, is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified.

All assessments, penalties, interest, abatements, credits and refunds relating thereto as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts and other accounting records established and maintained by the Internal Revenue Service pursuant to the authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records consisting of     three     page(s) under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Marsha D. Orendsen*

Chief, Criminal Investigation Branch
Internal Revenue Service Center
Southeast Region, Atlanta, Georgia

Catalog Number 19002E                                  Form **2866** (Rev. 09-97)

```
                CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS        Page: 1
---------------------------------------------------------------------------------------------------

        MARK J NEUROHR                      850 NE 20TH DR              EIN/SSN: 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

                                            FT LAUDERDALE FL 33305


        FORM: 1040                  TAX PERIOD: 199312

===================================================================================================
DATE        EXPLANATION OF TRANSACTIONS             ASSESSMENT          CREDIT          23c DATE
===================================================================================================


---------------------------------------------------------------------------------------------------
03/02/1995  6020B RETURN PREPARED & INPUT                                                04/03/1995

            07210-063-25956-5
---------------------------------------------------------------------------------------------------
06/10/1996  ESTIMATED TAX PENALTY
                                                        281.00
---------------------------------------------------------------------------------------------------
06/10/1996  LATE FILING PENALTY
                                                      1,689.00
---------------------------------------------------------------------------------------------------
04/15/1994  WITHHOLDING & EXCESS FICA
                                                                          277.00
---------------------------------------------------------------------------------------------------
06/10/1996  AUDIT DEFICIENCY
                                                      7,031.00
            07247-544-00085-6
---------------------------------------------------------------------------------------------------
06/10/1996  INTEREST ON DEFICIENCY
                                                      1,744.17
---------------------------------------------------------------------------------------------------
11/22/1996  AMENDED RETURN

---------------------------------------------------------------------------------------------------
06/10/1996  NOTICE OF BALANCE DUE

---------------------------------------------------------------------------------------------------
07/01/1996  FOURTH DELINQUENCY NOTICE

---------------------------------------------------------------------------------------------------
            ADJUSTED GROSS INCOME
                     39,108.00
---------------------------------------------------------------------------------------------------



---------------------------------------------------------------------------------------------------
Form 4340(Rev. 11-99)
```

```
              CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS      Page: 2
-----------------------------------------------------------------------------------------------

         MARK J NEUROHR              850 NE 20TH DR              EIN/SSN: 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

                                     FT LAUDERDALE FL 33305


         FORM: 1040              TAX PERIOD: 199312

===============================================================================================
DATE       EXPLANATION OF TRANSACTIONS         ASSESSMENT           CREDIT         23c DATE
===============================================================================================
           TAXABLE INCOME
                 33,658.00
-----------------------------------------------------------------------------------------------



-----------------------------------------------------------------------------------------------
           BALANCE                              10,468.17
-----------------------------------------------------------------------------------------------
```

---

*Form 4340(Rev. 11-99)*

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS          Page: 3

---

MARK J NEUROHR         850 NE 20TH DR           EIN/SSN: 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

FT LAUDERDALE FL 33305

FORM: 1040         TAX PERIOD: 199312

---

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advanced or unidentified payments, and the assessed balance relating thereto as disclosed by the records of this office as of the date of this certification, are shown therein. I further certify that the other specified matters set forth in this transcript appear in the official record of the Internal Revenue Service.

---

Signature of Certifying Officer: *[signature]*

Print Name: Marsha L. Overholser

Title: Chief, Criminal Investigation Branch

Local Delegation Order: 81

Location: Internal Revenue Service
          Southeast Region                    Date: 05/19/2000

---

Form 4340(Rev. 11-99)