UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK NEUROHR,

    Defendant.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL RE: COUNTS 1 AND MOTION FOR JUDGMENT OF ACQUITTAL RE: COUNTS 2 AND 3

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby responds to the above-referenced motions.

For all counts, the Defendant asserts that the government has failed to establish the existence of a *tax deficiency* because "the government's proof that an income tax was 'assessed' was legally insufficient." Further, with regard to Count 1, defendant asserts that the government's proof that he was "'notified' of the assessment was insufficient." In short, Defendant appears to believe that a conviction of tax evasion under 26 U.S.C. § 7201 requires the government to introduce a "Form 23C" or a "valid Certificate of Assessment and Payments" document to prove a tax deficiency. This argument is specious. Not one single case cited in Defendant's motions lend support to his argument. In fact, the cases cited by the Defendant and the additional cases cited below clearly explain why his motions must be denied. The First, Seventh, and Ninth Circuits have all specifically addressed the claims in defendant's motions and have rejected them outright.



The First Circuit held that a formal assessment was not necessary to support a section 7201 tax evasion conviction. United States v. Hogan, 861 F.2d 312, 315-16 (1st Cir. 1988) (citations omitted). In that case, the defendant argued that without a proper "assessment" of the tax due and owing, the government could not prove an attempted evasion because it could not establish the element of tax deficiency. Id. His conviction of willfully attempting to evade the payment of income tax under section 7201 was affirmed. Id.

The Ninth Circuit also rejected the argument that a formal tax assessment must be made to establish evasion. United States v. Voorhies, 658 F.2d 710, 713-14 (9th Cir. 1981). Voorhies was convicted for evasion of the payment of taxes. Id. He argued that the "existence of a tax deficiency" could only be based on tax liabilities which had been assessed, and that the government should not be able to prosecute him criminally for failure to pay a tax that could not be collected civilly or administratively. Id. at 713-14. The court recognized that a tax deficiency exists from the date a return is due to be filed. Id. at 714. In addition, the court in Voorhies held that the existence of a tax deficiency may be established by documentary evidence of tax liability accompanied by a summary witness even where that witness was not qualified as an expert. Id. at 715.

In a case cited in Defendant's own motions, the Seventh Circuit addressed the issue of the requirement of a valid tax assessment saying "a tax deficiency within the meaning of section 7201 is deemed to arise by operation of law on the date the return is due." United States v. Dack, 747 F.2d 1172, 1174 (7th Cir.1984). Once again in 1995, the Seventh Circuit held that an "assessment" under 26 U.S.C. § 6201 is not a "legal necessity" for a defendant to have a tax deficiency. United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1995).

In this case, the defendant's tax deficiencies arose on April 15 of 1994, 1995, and 1996 and whatever actions the IRS took or failed to take are not relevant as to whether the government has met

its burden of establishing a *tax deficiency*.

By way of example, in numerous cases individuals are convicted of tax evasion under section 7201 for unreported income -- where there has been no W2 or 1099 reporting to the IRS. See, e.g., United States v. Williams, 875 F.2d 846, 847-48 (11th Cir. 1989). During its "administrative" process, the IRS could not under these circumstances "assess" a tax liability. If Defendant's analysis is correct, then individuals who are able to hide their income from the IRS could not be guilty of tax evasion under section 7201. Of course, this is an absurd result and would invalidate thousands of convictions.

Defendant's reliance on the Eleventh Circuit cases cited in his motions is misplaced. United States v. Dixon, 672 F. Supp. 503 (M.D. Ala. 1987), affirmed, 849 F.2d 1478 (11th Cir. 1988); United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989); Brafman v. United States, 384 F.2d 863 (5th Cir. 1967). These cases are civil actions that do not address the government's burden in a criminal tax evasion matter. In the first two cases, the court was reviewing the entry of summary judgment in the favor of the government. In those cases, the amount of tax deficiency was determined by way of assessment. These simply do not apply.

In conclusion, Defendant's arguments appear to be framed to support his unfounded request for instructions on lesser included offenses. In both motions, the Defendant asserts that proof of tax deficiency is not an element of the lesser crime of willfully failing to file an income tax return. The government has established that the Defendant's arguments concerning tax deficiencies are unfounded, what remains is uncontroverted evidence that the Defendant has a tax deficiency for each of the years charged in the indictment. Therefore, there is no view of the evidence that would enable a jury to convict the Defendant of only the lesser crimes of sections 7203 or 7206 and not the greater

charged offense of tax evasion under section 7201.

WHEREFORE, the United States respectfully requests that Defendant's motions be denied.

Respectfully submitted,

GUY A. LEWIS
United States Attorney

By: _____
MATTHEW MENCHEL
Court No. A5500407
KIRK OGROSKY
Court No. A5500479
Assistant United States Attorneys
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9401
fax (305) 536-4101

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was hand-delivered this 10th day of August, 2000, to H. Dohn Williams, 721 NE 3d Ave., Ft. Lauderdale, FL 33302.

By: _____
Assistant United States Attorney

-4-