UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6029-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

<u>O R D E R</u>

MARK J. NEUROHR,

    Defendant.
_____/



FILED by _____ D.C.
AUG 1 4 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire Court file herein and is otherwise fully advised in the premises.

    The Court notes that from August 7, 2000 through August 10, 2000, the Court held a jury trial in this matter. Present at said jury trial were the Defendant Mark J. Neurohr and counsel for the Defendant, H. Dohn Williams, Jr., Esquire. Also present at said jury trial were counsel for the Government, Matthew Menchel, Esquire, Assistant United States Attorney, and Kirk Ogrosky, Esquire, Assistant United States Attorney.

    On August 9, 2000, at the close of the Government's case in chief, the Defendant, Mark J. Neurohr filed two motions in open court, his Motion For Judgment of Acquittal Re: Counts 2 And 3 (DE 78) and his Motion For Acquittal Re: Count 1 (DE 79). On August 10, 2000, the Court gave an abbreviated ruling in open Court wherein it denied the Defendant's Motions (DE Nos. 78 and 79). The Court also stated that it would specifically articulate, by

separate written order, its reasons for denying the Defendant's motions. It is the purpose of this Order to specifically articulate those reasons.

Turning first to the Defendant's Motion For Judgment Of Acquittal Re: Counts 2 And 3 (DE 78), the Court notes that the Defendant asserts that the Government has failed to prove all of the elements of the crime of tax evasion, 26 U.S.C. § 7201. Specifically, the Defendant asserts that, as the Government has failed to establish that the Defendant was ever formally assessed as owing taxes, the Government has failed to establish that the Defendant had a "tax deficiency" for the years 1994 and 1995.

The elements of tax evasion under 26 U.S.C. § 7201 are (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965).

While a formal tax assessment may be used to show a tax deficiency pursuant to 26 U.S.C. § 7201, it is not necessary to show that deficiency. United States v. Silkman, 156 F.3d 833, 837 (8th Cir. 1998); United States v. Russell, 998 F.2d 1001 (1st Cir. 1993); United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984); United States v. Voorhies, 658 F.2d 710, 714-15 (9th Cir. 1981). When, as here, the government can demonstrate the existence of a tax liability pursuant to the provisions of the Internal Revenue Code, a tax deficiency is deemed to exist by operation of law on the date the return is due and proof of a formal assessment is not

required. 26 U.S.C. §§ 6151(a), 6072.

Turning next to the Defendant's Motion For Judgment Of Acquittal Re: Count 1 (DE 79), the Court notes that the Defendant asserts that he is entitled to acquittal as to Count 1 as the Government failed to introduce evidence that it notified him within sixty days that a tax deficiency had been formally assessed against him. The Court again notes that when, as here, the government can demonstrate the existence of a tax liability pursuant to the provisions of the Internal Revenue Code, a tax deficiency is deemed to exist by operation of law on the date the return is due and proof of a formal assessment is not required. 26 U.S.C. §§ 6151(a), 6072. The Court further notes that receipt of notice is not a required element of the offense of tax evasion. 26 U.S.C. § 6151; Voorhies, 658 F.2d at 713.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of August, 2000.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Matthew Menchel, Esq., AUSA
Kirk Ogrosky, Esq., AUSA
For Plaintiff

H. Dohn Williams, Jr., Esq.
For Defendant